RANSOM WHITE v. R. A. BURNEY, TRUSTEE.

The defendant objected to reading in evidence the deposition of a witness to prove the execution and contents of a deed of trust, upon the ground that secondary evidence was inadmissible without first showing that the deed of trust was lost, or destroyed, or accounting for its non-production : Whereupon, the plaintiff proved that his attorney had inquired both of the trustee and the beneficiary for the deed, and they both had stated to him that they did not know where the original deed of trust was. *Held*, that this proof was sufficient foundation for the introduction of secondary evidence to prove the execution and contents of the deed of trust.

There are no degrees in secondary evidence. An examined copy is equally admissible with a certified copy.

APPEAL from Fannin. Tried below before the Hon. W. S. Todd.

In this suit, the original plaintiff, John B. Jamison, as trustee, alleged in substance, that on the 18th of November, 1850, one Marshall Jamison, in the State of Tennessee, for a good consideration, made to plaintiff a bill of sale for certain slaves, among them one named Jane, aged about 19 years at the institution of this suit, in trust for the sole and separate use of Mrs. Elizabeth M. Nicholson, wife of Malachi H. Nicholson, and the children of their bodies, free from the control of her said husband; that Jane had been delivered to Elizabeth M. Nicholson; that her husband in the year 1858, had sold the negro woman for the payment of his debts; the negro woman had one child; was held and claimed by defendant Ransom White. Suit for possession of Jane and her child, and for value of her hire.

The original plaintiff having died, his death was suggested, and R. A. Burney appointed trustee by the court.

The defendant in his answer alleged, that Elizabeth M. Nicholson was the real party to the suit; that she had joined with her husband in a bill of sale of said negro woman, for a full consideration paid, to one E. R. Myrick; that Myrick had sold her to one Churchill Beale; that the latter had sold her to defendant, having paid a full value for her.

White v. Burney.

On the trial, the plaintiff offered the depositions of Marshall Jamison (which included a copy of the deed of trust as described in the petition,) in proof of the execution, delivery, contents and purport of the deed of trust from Marshall Jamison to John B. Jamison; to which testimony the defendant objected; whereupon the plaintiff proved that his attorney had inquired of the original plaintiff in this suit, now dead, and also of Elizabeth M. Nicholson, for the deed of trust, and that they both stated to said attorney of plaintiff that they did not know where the original deed of trust was, upon which proof the court admitted the deposition of Marshall Jamison, proving the execution and contents of the deed of trust. In the same depositions, Marshall Jamison stated that he had the original deed recorded in Tennessee, and had delivered it to Mrs. Elizabeth M. Nicholson; did not know what had become of it; that the copy appended to his answer was a true and correct copy.

The defendant offered in evidence the bill of sale, which, he alleged in his answer, had been made by Mrs. Nicholson and her husband to E. R. Myrick, for the negro woman Jane. Upon objection, it was excluded, upon the ground that it was executed by a married woman, but not duly and legally acknowledged by her.

Verdict and judgment for plaintiff. Motion for new trial overruled. Appeal by Ransom White.

Among other errors assigned, was the following, to wit:

"The court erred in permitting a deed of trust purporting to be in writing and recorded in Williamson county, Tennessee, to be proven as to contents and execution, by parol evidence, without showing that the same was lost, or destroyed, or accounting for its non-production, and that the record thereof in Tennessee had been destroyed."

*W. B. Wright*, for appellant.

*Johnson & Towns*, for appellee.

WHEELER, C. J.—We are of opinion that the court did not err in admitting in evidence the copy of the deed of the 18th of

November, 1850.   Inquiry had been made of the trustee and the beneficiary.   This we think was sufficient to admit secondary evidence.   And the foundation having been thus laid, an examined copy was admissible equally with a certified copy.   The ruling is fully supported by the decision of this court in the case of Dunn v. Choate, (4 Tex. R., 14.)

The judgment is affirmed.

Judgment affirmed.