### E. B. BLANTON ET AL. V. A. J. RAY ET AL.

(Case No. 5737.)

1. EVIDENCE—INSTRUMENT—AFFIDAVIT OF LOSS—The affidavit of loss is required to be filed only when it is proposed to introduce a certified copy of the instrument. (R. S., art. 2257.) When proved as at common law, a sufficient predicate is laid when the loss or destruction of the instrument is shown by the evidence produced at the trial. (1. Whar. on Ev., sec. 129.)

2. EVIDENCE—ADMISSION—APPEAL—PRACTICE—An assignment of error to the admission of testimony must rest upon the very objection taken to it in the court below. (Sharp v. Schmidt & Zeigler, 62 Tex., 266.)

APPEAL from Fannin. Tried below before the Hon. D. H. Scott.

This was an action of trespass to try title, filed by appellants on October 27, 1884. Defendants answered by disclaimer as to a portion of the land, plea of not guilty, etc. The cause was tried by the court on March 21, 1885, and judgment rendered in favor of defendants.

Appellants claimed the land as the heirs of E. A. and Melinda J. Blanton.

F. M. McGaughey testified that in 1873 Melinda J. Blanton and her husband, E. A. Blanton, (the ancestors of appellants) traded witness the land in controversy for land held by him in Gainesville, and that a deed was made by Blanton and wife to F. M. McGaughey and wife at the date of the trade; that this deed was destroyed by his wife about one year before the trial; that it had been lying around with other papers in the bureau drawer for a long time, and being in the way, his wife cut it up and made lamp-lighters with it; that they had long since parted with their title to the land, and did not know the deed was of any value; that it was not designed to destroy a title paper, or to injure any one, but they thought the deed was of no value, and that the deed had never been recorded.

*Chas. D. Grace,* for appellants, cited: Wooton et al. v. Dunlap, 20 Tex., 183; Hooper v. Hall, 30 Tex., 154.

*Wm. A. Bramlette,* for appellees, cited: 1 Whar. on Ev., sec. 129.

WILLIE, CHIEF JUSTICE.—We can consider only the first and second assignments of error, as the third is so general as to be in violation of the rules of this court.

The first assignment questions the ruling of the court admitting certain testimony of F. M. McGaughey over the objection of appellants.

The testimony was to the effect that E. A. and Melinda J. Blanton

had made a deed to the witness and his wife for the land in controversy, and that this deed was properly authenticated by the officer taking the separate acknowledgment of the said Melinda J. Blanton, and that the deed was destroyed without being recorded. The objections to this testimony, as shown by the bill of exceptions, were that this proof could be made only by the records of the notary public who took the acknowledgment, or by the notary as a witness, and that no proper predicate had been laid for the admission of the testimony.

In this court, the first of these objections is abandoned, but it is insisted that no predicate for the testimony was laid by filing an affidavit of the loss of the instrument. This is required by statute only when it is proposed to introduce as evidence a certified copy of the instrument. R. S., art. 2257.

When proved as at common law, a sufficient predicate is laid when the loss or destruction of the instrument is shown by the evidence produced at the trial, as was done in this case. 1 Wharton on Ev., sec. 129.

The objection is raised, for the first time in this court, that the acknowledgment of Mrs. Blanton, taken before the notary, and certified to by him, was not in accordance with our statutes. This objection comes too late, as it is the settled practice of this court that an assignment of error to the admission of testimony must rest upon the very objections taken to it in the court below. Sharp v. Schmidt & Zeigler, 62 Tex , 266.

The proper execution of the above deed having been proved, the title of the appellees was traced back to Blanton and wife, and hence the objection to the introduction of the deed mentioned in the second bill of exception was properly overruled, and the second assignment of error is not well taken.

There is no error in the judgment and it is affirmed.

AFFIRMED.

[Opinion delivered April 13, 1886.]