## SARAH A. L. DANIELS ET AL. V. H. C. CREEKMORE ET AL.
### No. 1229.

1. **Continuance—Withdrawal of Announcement.**—The action of the court at a former term in permitting one of the parties, upon a proper showing as to needed evidence, to withdraw his announcement of ready, and in thereupon continuing the cause until the next term, is not reversible error, the case having been finally tried on its merits.

2. **Deed—Proof of Loss—Secondary Evidence.**— Evidence that the office of the attorney with whom a lost deed was last seen was burned, and diligent search made among the papers saved, and that the executor and heirs of the last claimant under the deed testified that they had made diligent search among such claimant's papers without success, justifies the admission of parol evidence of the contents of the deed.

3. **Lost Deed—Proof of Wife's Acknowledgment.**—The acknowledgment of a married woman to a lost deed can be established by parol or by circumstantial evidence.

4. **Lost Deed—Proof of Contents.**—Evidence by a former owner of the land, testifying that a deed executed by persons of the same name as the grantors in the lost deed was delivered to him by his grantors, and that he had it recorded; that such deed conveyed the survey of land in controversy, and was executed and acknowledged according to the statutory requirements of a deed to convey a wife's separate estate, was admissible to prove such lost deed and its contents, though the witness was not acquainted with the grantors, and did not see them execute the deed.

5. **Charge of Court—Harmless Error.**—An erroneous instruction which, when construed in connection with the rest of the charge, is not calculated to mislead the jury, is not ground for reversal.

6. **Practice on Appeal—Sufficiency of the Evidence.**—Objection to the sufficiency of the evidence to sustain the verdict, in order to avail on appeal, must be first presented by motion for new trial in the court below.

ERROR from Erath.    Tried below before Hon. C. K. BELL.

*James B. Goff,* for plaintiffs in error.—1. The testimony of Hartin was inadmissible and insufficient to establish the existence, execution, or acknowledgment of the deed, and failed to state its contents, or show that it was signed or acknowledged by Mrs. Hardinge; and there was nothing in it from which the jury could decide whether it described or conveyed anything, except statement of the witness' opinion; and also showed that better evidence existed if the facts were true, viz., that of the notary or county clerk as to the acknowledgment and the recorder as to the record; and because it failed to state whether

the acknowledgment purported to have been made before a clerk or a notary. Shifflett v. Morelle, 68 Texas, 391; Holmes v. Coryell, 58 Texas, 685; Harvey v. Cummings, 68 Texas, 604.

2. The common law doctrine of the admissibility of a deed over thirty years old applies only to an instrument which can be seen and is capable of being inspected to ascertain whether, in appearance, it has the form and qualities of a deed, and is free from alteration and suspicion; or in case of its loss, a transcript showing that the original was of such a character and free from suspicion, and has been of record over thirty years. Whitehead v. Foley, 28 Texas, 10; Harvey v. Cummings, 68 Texas, 599.

*George W. Tyler, Frank & Devine,* and *R. L. Henry,* for defendants in error.—1. The continuance of the case at a former term does not present reversible error. Whitehead v. Foley, 28 Texas, 10; Foster v. Smith, 66 Texas, 681; Obert v. Landa, 59 Texas, 477.

2. When a deed has been lost or destroyed, and the loss or destruction has been proved to the satisfaction of the court, and that reasonable and diligent search has been made for the same in places where it would most likely be, and that inquiry has been made at the proper sources, which resulted in a failure to discover the deed, the rule of evidence is, that the existence, contents, and execution of such deed may be proved by parol evidence. Parks v. Caudle, 58 Texas, 216; White v. Burney, 27 Texas, 50; Dunn v. Choate, 4 Texas, 14; Waggoner v. Alvord, 81 Texas, 367; Bateman v. Bateman, 16 Texas, 543; Mills v. Herndon, 60 Texas, 357; Shifflett v. Morelle, 68 Texas, 391; Cheatham v. Riddle, 8 Texas, 167; Ortiz v. Benavides, 61 Texas, 60; Capps v. Terry (Texas), 13 S. W. Rep., 52; Tayloe v. Riggs, 9 Wheat., 486; Stebbins v. Duncan, 108 U. S., 32; Poston v. Rassett, 5 Cal., 467; 1 Greenl. on Ev., secs. 509, 557.

3. It is competent to prove by parol evidence the existence, contents, execution, and privy acknowledgment of a married woman's deed, conveying her separate property, where the original deed is lost or destroyed, the proper predicate being laid for the admission of secondary evidence. Rev. Stats., arts. 4286, 4287, 4363; Blanton v. Ray, 17 S. W. Rep., 264; Harrison v. McMurray, 71 Texas, 122; Ikard v. Thompson, 81 Texas, 285; Johnson v. Taylor, 60 Texas, 360; Crain v. Huntington, 81 Texas, 614; Christy v. Burch, 25 Fla., 942.

4. Where a deed thirty years old is lost, secondary evidence may be offered to show the existence and contents of the deed without proof of its execution, and will be of the same weight and effect as if the deed were produced in court. The same presumptions would be indulged in, in favor of the secondary evidence of the existence and contents of the deed, as if the deed were produced in court. Ammons v. Dwyer, 78 Texas, 643; Holmes v. Coryell, 58 Texas, 680; Brown v.

Simpson, 67 Texas, 225; Warren v. Fredericks, 76 Texas, 652; Rail-
way v. Stealy, 66 Texas, 468; Parker v. Chancellor, 73 Texas, 478;
Pasture Co. v. Preston, 65 Texas, 448; Stroud v. Springfield, 28 Texas,
649; Poston v. Rassett, 5 Cal., 467; 1 Greenl. on Ev., secs. 21, 570;
Sedg. & Wait on Trial of Title to Land, secs. 818, 820; Abbott Trial
Ev., p. 709, sec. 26.

HEAD, ASSOCIATE JUSTICE.—Our conclusions of fact in this case
can best be stated in connection with our conclusions of law upon the
several questions presented by the assignments, and this course will
therefore be adopted.

At the October Term, 1889, of the court below, the trial of this case
was entered upon, and after plaintiffs in error had closed their evi-
dence, the defendants in error offered evidence to establish the execu-
tion by Mrs. Hardinge and husband of the deed under which they
claimed, which was excluded, because no sufficient predicate had been
laid. Defendants in error were then, over the objection of plaintiffs
in error, permitted to withdraw their announcement of ready for trial
and continue the case until the next term; and the first assignment
asks us to reverse this case on account of the alleged error of the court
in this ruling.

This assignment must, of course, be overruled. Sweeney v. Jarvis,
6 Texas, 36. We doubt if a ruling of the kind above indicated would
ever be ground for reversing a judgment rendered at a subsequent
term upon a full trial; and certainly no facts are presented by this
record to take it out of the long established rule of practice in this
State.

The second assignment of error is as follows: "The testimony of
W. C. Hartin, given in his depositions of August 1, 1889, and March
18, 1890, in so far as they relate to the deed purporting to have been
executed by Sarah Ann Lillie Hardinge and George Hardinge, was
inadmissible; (1) because irrelevant and calculated to mislead the
jury; (2) because it had been shown that Sarah A. L. Hardinge, the
alleged grantor in the deed sought to be proven, was a married woman
at the time said deed is alleged to have been executed, and that the
land claimed to have been conveyed therein was her separate estate,
and the testimony was incompetent and did not tend to establish the
existence, execution, or legal acknowledgment of a deed competent to
convey the property of a married woman; (3) because said testimony
clearly showed that said witness knew nothing of the execution or
legal acknowledgment of said deed, and because no sufficient predi-
cate had been laid for the admission of said testimony, and the court
erred in admitting the same over plaintiffs' objections."

We think the predicate laid in this case was amply sufficient. The
deed was last seen in the possession of J. M. Norris, an attorney at

Waco. It was shown that his office was subsequently destroyed by fire, under circumstances rendering it almost certain that, if he still had possession of the deed, it was destroyed with the rest of his papers. Diligent inquiry, however, was shown to have been made of those having charge of the remnant of papers saved by him from the fire. Also, the executor and one of the heirs of the last claimant under this deed testified to a very careful and diligent search made by him among the papers of such owner, and to his inability to find the deed, and to his having heard a complaint from such owner during his life-time as to a loss of some of the papers in this chain of title. No reason is shown why defendants in error should desire to conceal this deed and not produce it in evidence, if they had it in their power to do so.

The court below held the predicate sufficient to raise a reasonable presumption that the deed, if it ever had an existence, had been lost; and we fully concur in this conclusion. Waggoner v. Alvord, 81 Texas, 367; White v. Burney, 27 Texas, 50; Park v. Caudle, 58 Texas, 216; Vandergriff v. Piercy, 59 Texas, 372.

We also consider the evidence objected to both relevant and pertinent to the issue involved in this case, and as having a strong tendency to establish the existence, execution, and legal acknowledgment of the alleged lost deed.

The lost deed sought to be established, it is claimed, was made by Mrs. Hardinge and her husband to Jacob De Cordova, in 1854; and the witness W. C. Hartin, whose evidence was objected to, testified with unusual particularity and distinctness to the fact that, when he became the owner of this land, in 1858, his vendor delivered to him "a warranty deed from George Hardinge and his wife, Sarah Ann Lillie Hardinge, to Jacob De Cordova, dated in the year 1854 or 1855, and acknowledged by each of said grantors before the county clerk or a notary public of Guadalupe County, Texas, whose name and official title I can not now remember, and said deed conveyed, or purported to convey, the said James H. Neiley 640 acres survey, which deed had not then been recorded."

He had previously testified to the delivery to him at the same time of the patent to this land, which described it as "granted to Edward Griffin Bumstead, as assignee of James H. Neiley, for 640 acres of land in Bosque County, on Green's Creek." He also testified, that he had this deed recorded in Bosque County, in May, 1858, and kept it in his possession until he sold the land to defendants in error's ancestor, when he delivered it to the attorney Norris to examine the title. In a subsequent deposition—also objected to—he gave the form of the certificate of acknowledgment, which he said was, in substance, the same as appeared to said deed, and which was a literal copy of the form prescribed by the statute in force at that time for a deed made by a

married woman and her husband in the conveyance of her separate property.

It is true, this witness shows that he was not acquainted with the makers of this deed, and did not see them execute it; but it must be borne in mind that a conveyance of land can be proven by circumstantial evidence, like any other material fact to be established in a case (Crane v. Huntington, 81 Texas, 614; Bounds v. Little, 75 Texas, 316); and the facts here testified to are quite similar to those held in the first of these cases not only to be admissible in evidence for the consideration of the jury, but also sufficient to sustain a verdict based thereon finding the conveyance to have been made.

The question, however, presented by this assignment is as to the admissibility, and not as to the sufficiency, of the evidence; and this assignment we overrule.

That the acknowledgment of a married woman to a lost deed can be established by parol or by circumstantial evidence, we entertain no doubt. Otherwise, in cases where the deed had not been recorded, the acknowledgment could not be proven at all. Overand v. Menczer, 83 Texas, 130; Christy v. Burch, 25 Fla., 942; Blanton v. Ray, 66 Texas, 61.

That the evidence should not have been excluded on account of the insufficiency of the description of the land purported to be conveyed, as given by the witness, we think clear. We regard it as more than ordinarily full, under the circumstances.

In Parks v. Caudle, 58 Texas, 220, it is said: "We are also of opinion that, under the circumstances, the evidence as to the contents of the deed was not inadmissible because it was not sufficiently specific. If such a deed was in fact ever made and was destroyed by fire, no copy having been preserved, it would be rare indeed that witnesses, after twenty years had passed, would be able to testify definitely to more than its substance. In the unreported case of Reed v. Allen, appealed from Houston County, and decided at Galveston in 1880 or 1881, evidence less specific and certain as to the formalities of the deed to the property conveyed than that adduced in the present case was held sufficient to establish a conveyance made many years before the trial."

The third assignment of error complains of the giving by the court below of the following charge: "Ordinarily the law requires a deed of conveyance to be proved up by some person who saw the grantor sign it, or by proving the handwriting of the grantor; but where an instrument is over thirty years old, and is shown to have been in the proper custody, that is, in the custody of the grantee or of his grantee, and is free from suspicion, and has been acted upon by the parties claiming under it, the law dispenses with this proof. If you find from the evidence that Sarah A. L. Hardinge and her husband, George Hard-

inge, conveyed the premises sued for to J. De Cordova, then you will find a verdict for the defendants."

The ground of objection, as stated in the assignment, is that this charge is "hypothetical and inapplicable to the proof in this case, and calculated to mislead the jury."

It would perhaps have been more satisfactory had this charge been omitted, and the jury simply instructed to find from all the facts and circumstances in evidence as to whether the deed referred to therein had or had not been made. At the same time, we are not prepared to say there is error in the principles of law announced therein, nor that they are inapplicable to the facts disclosed by the record.

We are also of opinion that, when this part of the charge is construed in connection with what precedes and follows it, the jury could not have been misled into believing that the law dispensed with all proof of the execution of an ancient instrument, under the circumstances therein set forth; but only, as the court intended, that such proof could be made in other ways than by the production of a witness who saw it signed, or was acquainted with the handwriting of the grantors.

That part of the charge which immediately precedes the clause complained of in the assignment is as follows:

"The defendants claim that the plaintiffs ought not to recover, among other reasons, because, as they claim, Sarah A. L. Hardinge by deed conveyed the premises sued for to one J. De Cordova. Now, in order to prevent the plaintiffs from recovering on this ground, it devolves upon the defendants to show by a preponderance of evidence that Sarah A. L. Hardinge and George Hardinge, her husband, conveyed the said premises to J. De Cordova by a valid conveyance.

"In order to constitute a valid conveyance, the said Sarah and George Hardinge must have made and signed a deed to the premises sued for, and the said Sarah Hardinge must have been examined by a notary public or a clerk of a County Court of a county in the State of Texas, privily and apart from her husband, and, having the deed explained to her, she must have acknowledged the same to be her act and deed, and must have declared that she signed, sealed, and delivered the same willingly, and that she wished not to retract it;" then follows the clause complained of.

We therefore conclude, that when the whole charge is read together it was not calculated to mislead the jury, as contended by plaintiffs in error.

It will be observed that this charge is not complained of as being upon the weight of the evidence, and we do not decide as to this, especially in view of the fact that an instruction given at the request of plaintiffs in error upon this branch of the case comes nearer being subject to such an objection than the one copied in the assignment.

The court below charged the jury fully as to the necessity of a privy acknowledgment on the part of Mrs. Hardinge, in order to render the purported deed to De Cordova a valid conveyance of her separate property; and there was therefore no error in refusing the fourth special charge, complained of in the eighth assignment.

The tenth and eleventh assignments, calling in question the sufficiency of the evidence to sustain the verdict establishing the alleged lost deed, need not be considered, because not properly presented to the court below in the motion for a new trial. We will add, however, that if the court had overruled a motion based upon this ground, we would not have been authorized to disturb its action.

What we have said sufficiently indicates our opinion upon the other assignments.

The judgment of the court below will be affirmed.

*Affirmed.*

Delivered June 20, 1894.