BOEDEFELD v. JOHNSON et al. (No. 7468.)

(Court of Civil Appeals of Texas. Galveston. Jan. 10, 1918.)

1. APPEAL AND ERROR ☞742(2) — ASSIGNMENTS — NECESSITY OF PROPOSITIONS AND STATEMENTS.

An assignment consisting of entire motion for new trial not submitted as a proposition in itself, nor followed by one, with no appended statement of facts, but containing eight distinct alleged errors, cumulatively violates Court of Civil Appeals rules 25–31 (142 S. W. xii, xiii), and cannot be considered.

2. APPEAL AND ERROR ☞302(2) — ASSIGNMENTS — CONFORMITY TO MOTION FOR NEW TRIAL.

Where a motion for new trial has been filed, the party appealing is confined to the matters therein assigned, under Court of Civil Appeals rule 24 (142 S. W. xii).

3. EVIDENCE ☞159—ADMISSION OF LOST INSTRUMENT WITHOUT PROOF—STATUTE.

The method prescribed by Vernon's Sayles' Ann. Civ. St. 1914, art. 3700, of introducing written instruments in evidence without proving their execution as at common law, by filing affidavit before trial, does not make such a prerequisite to proving the execution and contents of lost deed by subscribing and other competent witnesses.

4. EVIDENCE ☞178(4) — SECONDARY — LOST DEED.

The rules governing secondary evidence of written instruments are fully complied with by proof that the deed was signed, acknowledged, and delivered to grantee, the names of the grantees and grantors, the property conveyed, and other contents, that it was lost before recording and could not be found after diligent search.

5. TRESPASS TO TRY TITLE ☞41(1) — PROCEEDINGS — EVIDENCE — WEIGHT — INSUFFICIENCY.

Evidence in trespass to try title *held* sufficient to establish title in defendant and his successors in interest by deed, duly executed and delivered, which was lost before recording.

6. TRESPASS TO TRY TITLE ☞41(1) — REAL PROPERTY—ADVERSE POSSESSION—STATUTORY PERIOD.

Evidence in trespass to try title examined and defendants *held* to have met all requirements of both the five and ten year statutes of limitation, and by proof of knowledge of and recognition by plaintiff's vendor of adverse possession of defendants for more than such periods of limitation.

7. VENDOR AND PURCHASER ☞232(8)—BONA FIDE PURCHASERS—NOTICE—FACTS BEING ON INQUIRY.

Plaintiff taking a deed from vendor's executor to land of which defendants had visible and continuous possession for more than 30 years was put on notice as to defendant's interest therein, and was not a bona fide purchaser, although defendant's deed from such deceased vendor was not recorded.

8. VENDOR AND PURCHASER ☞232(10)—NOTICE—POSSESSION BY TENANT IN COMMON.

Although the possession by a tenant in common is consistent with the recorded title, that does not relieve a purchaser from the duty to inquire from the possessor the nature of his claim and possession.

Appeal from District Court, Galveston County; Clay S. Briggs, Judge.

Suit by A. J. Boedefeld against A. J. Johnson, O. W. Johnson, and another, in trespass to try title. Judgment for defendants, plaintiff appeals. Affirmed.

L. R. Patton, of Galveston, for appellant. Stewarts, of Galveston, for appellees.

GRAVES, J. Appellant, A. J. Boedefeld, instituted this suit in the district court of Galveston county in trespass to try title and damages against appellees A. J., O. W., and B. F. Johnson, for the recovery of 216 acres of land, more or less, out of the Abner Van Nordstrand survey in that county; in the proof offered, however, he only asserted title to an undivided one-half of the tract, claiming as the vendee of A. S. Exline under a deed of date May 6, 1916, from the latter's executor. Under their pleas of not guilty and of limitation, the appellees' defenses were: First, that A. S. Exline, vendor of appellant, had in 1885 conveyed his interest in the tract sued for to appellee A. J. Johnson, which deed had been lost without recording; second, that their titles had matured under both the five and ten year statutes of limitation. The trial court, sitting without a jury, rendered judgment for appellees, from which this appeal is prosecuted.

No request was made for findings of fact and conclusions of law, and none were filed. The material facts may be thus summarized:

The property in controversy is 216 acres out of an 850-acre tract originally conveyed by George S. McIlhenny and wife to A. J. Johnson and A. S. Exline by general warranty deed dated February 16, 1884, recorded February 19, 1884. A 163-acre tract out of the original 850-acre tract, jointly owned by Exline and A. J. Johnson, was sold by them in 1885 to J. Atkins, Sr., for $1,000. The deed from Exline and Johnson to Atkins was made through their attorney in fact, John Caplen; such deed reciting that the 163 acres therein conveyed is adjacent and adjoining the 216 acres now owned by A. J. Johnson, reciting:

"* * * Thence * * * to the northeast corner of a tract of 216 acres belonging to A. J. Johnson, whose fence is near the line; thence parallel with the said line of A. J. Johnson's tract," etc.

The 216 acres now in controversy is the 216-acre tract adjacent to and adjoining the Atkins tract. At the same time that this deed from Johnson and Exline, through Caplen, was executed and delivered to Atkins, Johnson and Exline as principals and Caplen as surety made a bond personally sign-

ed by each of the above parties, in the sum of $1,000, payable to Atkins, conditioned that the principals would discharge a vendor's lien still retained against the land conveyed in favor of McIlhenny, their vendor. The undisputed testimony of A. J. Johnson is that the entire purchase money paid Exline was $1,000, which Exline accepted, and for which Exline conveyed to A. J. Johnson, all of Exline's interest in the 216 acres now in controversy. This deed was lost in the 1915 storm, without having been recorded. The further testimony of A. J. Johnson is that A. S. Exline was merely a figurehead, the property really belonging one-half to A. J. Johnson and the other half to John Caplen, but that Caplen's interest was taken in the name of Exline because some parties had obtained a judgment against Caplen.

A. J. Johnson held open, adverse, and peaceable possession of the entire 216 acres from 1884 to 1896, using, cultivating, and enjoying same, and paying all taxes thereon, and claiming one-half interest by virtue of the recorded deed from McIlhenny aforementioned and the remaining one-half interest by virtue of the unrecorded deed from Exline to Johnson above described. On July 1, 1896, he conveyed 50 acres out of the 216 to his son O. W. Johnson by general warranty deed, recorded September 8, 1896; while on December 24, 1908, he likewise conveyed the remaining 166 acres out of this 216-acre tract to another son B. F. Johnson, the latter deed being recorded January 23, 1909, himself continuing his former occupancy and use of the 166 acres during the interim between these two deeds to his sons.

Upon the dates of their deeds thereto, the appellees O. W. and B. F. Johnson took possession of the separate tracts thereby conveyed to each of them and thenceforth held open, adverse, and peaceable possession thereof until the date of the trial, claiming their respective tracts under such recorded deed, using, cultivating, and paying all taxes thereon; their father, A. J. Johnson, had paid all taxes on the property from 1885 until he sold it in the two separate tracts mentioned to his sons.

A. S. Exline never at any time rendered for taxation or paid any taxes on any part of the 216 acres, nor made any claim thereto, although having business dealings with and seeing A. J. Johnson every week from 1885, the date of the lost deed, until 1900, with occasional personal interviews between them extending three or four years later; likewise he met the sons O. W. and B. F. Johnson frequently during the same period of years, but never made any claim to the land, while in 1887 he personally rendered for taxation his property in Galveston county, making affidavit that the inventory, which did not include the land here involved, covered all the property he owned in the county.

As above stated, appellant claimed an un-

divided one-half interest in the 216 acres by virtue of a warranty deed from M. P. Exline, independent executor of A. S. Exline's estate, dated May 6, 1916, recorded May 13, 1916; but the possession and occupancy of appellees, as above outlined, existed at the date of this deed, and there is no evidence of any inquiry made by Boedefeld to ascertain the interest such occupants of the land might claim; the undisputed testimony of appellees being that they never saw Boedefeld nor heard of him before the institution of this suit.

There is also much further detailed evidence strongly tending to show, if indeed it could not be deemed sufficient to support a finding to that effect, that appellant Boedefeld, at the time he purchased from Exline's executor, had actual knowledge of the adverse claim of appellees.

[1] The first assignment consists of the entire motion for new trial in the court below, not submitted as a proposition in itself, nor followed by one, and with no statement of facts from the record appended, but containing eight separate and distinct alleged errors; obviously it is cumulatively violative of the rules and cannot be considered.. Court of Civil Appeals rule 25–31 (142 S. W. xii, xiii); Dees v. Thompson, 166 S. W. 56.

[2] Likewise the eighth and ninth assignments must be disregarded, because not contained in the motion for new trial. A motion for new trial was filed, and, where such is the case, the party appealing is confined to the matters therein assigned. Revised Statutes of 1911, art. 1612; Cole v. Maccabees, 188 S. W. 699; Riggs v. Baleman, 198 S. W. 813; Rules of Courts of Civil Appeals No. 24 (142 S. W. xii); Dees v. Thompson, 166 S. W. 56.

[3, 4] Through assignments numbered 2 to 7, inclusive, the contentions of appellant are: First, that there was no proper evidence before the court showing a transfer from A. S. Exline to A. J. Johnson; second, that limitation had not barred appellant because there was no notice to him of the adverse nature of appellees' possession; and, third, that he was a bona fide purchaser and not subject to such defenses as appellees might have had against A. S. Exline.

As already indicated, there is no recorded conveyance from Exline to Johnson; but A. J. Johnson testified that in 1885, in consideration of the receipt by Exline of the entire consideration paid by Atkins to Exline and Johnson for the 143 acres jointly owned by them, Exline conveyed his interest in this property to Johnson. His further testimony is that this deed was lost in the 1915 storm, without having been recorded. But appellant contends that this evidence should not have been received, because there was no affidavit filed as required by article 3700, Revised Statutes. Article 3700, however, merely provides a method by which written in-

struments may be introduced in evidence without the necessity of proving their execution as at common law. That article has never been construed, so far as we are advised, to require the filing of an affidavit as a prerequisite to proving the execution of an instrument by subscribing or other competent witnesses. It has no application to the case at bar, we think, because in this case proof of prior existence and contents of the lost deed was made by one familiar with it, the grantee therein. As this deed was lost without having been recorded, it was manifestly impossible to file a certified copy thereof in the papers of the case. The rules governing the admission of secondary evidence of written instruments are therefore the only rules applicable here. Such rules have been fully complied with by proof that the instrument was signed, acknowledged, and delivered to the grantee, the names of the grantees and grantors, the property conveyed, with other contents of the instrument, and that it was lost and could not be found after diligent search. Revised Statutes 1911, art. 3700; Blanton v. Ray, 66 Tex. 61, 17 S. W. 264; White v. Burney, 27 Tex. 50; Trimble v. Edwards, 84 Tex. 498, 19 S. W. 772; Parks v. Caudle, 58 Tex. 219.

[5] We think the evidence conclusively established the fact that A. S. Exline had conveyed to A. J. Johnson all his interest in the property sued for more than 49 years before Boedefeld took the deed from his executor, and consequently that such deed conveyed no title as against Johnson and his vendees.

[6] This conclusion alone would require affirmance of the judgment; but we further think appellees also met all requirements of both the five and ten year statutes of limitation, and that the evidence amply shows actual knowledge on the part of A. S. Exline of the adverse character of their claim to the 216 acres; indeed, the recitations in the deed and bond to Atkins relating to the 143 acres sold to him was an express recognition by Exline that A. J. Johnson was even then holding the 216 acres adversely to him. This finding disposes of appellant's contention that, as the vendee of A. S. Exline, he was a tenant in common with appellees and that limitation did not run against him in their favor.

[7, 8] Appellant finally insists, however, that as there was no deed of record from Exline to Johnson when he took his own deed from the former's executor, he thereby became a bona fide purchaser and consequently not subject to defenses which may have been available to appellees as against Exline. But we do not think this position tenable, for the reason that appellees were in actual and visible possession of the land at the very time of appellant's deed, and had been in such possession continuously since 1885, and

he was thereby put on notice and inquiry of any right they might claim in the property, despite the fact that their possession was consistent with the recorded title, and even though he was, as he further contends, a cotenant with them. In fact, our Supreme Court seems to have decided the identical question raised by him adversely to appellant's contention. Collum v. Sanger Bros., 98 Tex. 162, 82 S. W. 459, 83 S. W. 184; Ramirez v. Smith, 94 Tex. 184, 59 S. W. 258; Wimberly v. Bailey, 58 Tex. 222. In these cases it is directly held that possession is notice of the title acquired by one tenant in common from a cotenant by unrecorded deed, although such possession is consistent with the recorded title.

Pursuant to the conclusions reached, the several assignments raising the questions discussed are overruled, and the judgment is affirmed.

Affirmed.