## LANCASTER et al. v. WHALEY LUMBER CO. et al. (No. 3236.)

Court of Civil Appeals of Texas. Amarillo. May 15, 1929.

Rehearing Denied June 26, 1929.

Lockhart, Garrard & Brown, of Lubbock, for appellants.

Bean & Klett, W. F. Schenck, Ratliff & Peticolas, and Benjamin M. Kucera, all of Lubbock, for appellees.

JACKSON, J. This suit was instituted in the district court of Lubbock county, Texas, by the Whaley Lumber Company, a corporation, as plaintiff, against J. S. Lancaster, his wife, S. E. Lancaster, and M. T. Daniell, to recover the sum of $3,908.02, with interest thereon at the rate of 8 per cent. per annum, and against said defendants and La Verne Kershner, J. D. Scales, J. B. Walker, R. S. Kretzer, G. H. Johnson, K. L. Blackman, I. L. Barnes, W. W. Wendland, and August Holtkort, to foreclose against all the defendants an alleged mechanics' and materialmen's lien, given to secure the payment of said money, on lot 6 in block 20 in the Overton addition to the town of Lubbock, Lubbock county, Texas. Plaintiffs allege:

That on July 27, 1925, J. S. Lancaster and wife, S. E. Lancaster, by their proper instrument, contracted in writing with M. T. Daniell to erect and construct for them certain improvements on said lot; that such contract was signed and acknowledged as required by law for the conveyance of homesteads, and constituted a valid lien against said lot and improvements, and obligated M. T. Daniell to erect and complete said improvements for the sum of $3,800, which amount was evidenced by a mechanic's lien note, payable to M. T. Daniell, with interest thereon at the rate of 8 per cent. per annum from July 27, 1925, and contained the usual stipulation for attorney's fees. That M. T. Daniell was unable to fully perform said contract, and, in order to procure money to pay for the labor and material necessary for the erection and construction of said improvements, he transferred and assigned said note, contract, and liens to the plaintiff; that in consideration thereof the plaintiff furnished and delivered to M. T. Daniell and the Lancasters material used in said building and money with which to pay for the labor used in the erection thereof, amounting to the sum of $3,908.02. Plaintiff attaches to and makes a part of its petition an itemized account of the material furnished for said building and of the moneys advanced with which to pay for labor thereon.

That, if plaintiff is mistaken in its allegations that it has a valid and subsisting mechanic's and materialman's lien against said property, in the alternative it alleges that at the special instance and request of J. S. and S. E. Lancaster it furnished and delivered to them the materials used in said building and the money with which to pay labor, set out and listed in its itemized account attached to its petition; that the Lancasters impliedly promised to pay the reasonable value of said material and to repay the money so advanced for the payment of labor, all of which was used by said defendants in the erection of the improvements, and by reason thereof plaintiff has a constitutional mechanic's and materialman's lien to secure the payment of the material so furnished and the money so advanced. That at the time of furnishing such material and money lot 6 was not the homestead of J. S. and S. E. Lancaster, as they owned and occupied a homestead at that time on another and different lot. That they represented to plaintiff that lot 6 was not their homestead at that time, and that they were erecting the improvements thereon for the purpose of enabling them to sell said lot.

The defendant M. T. Daniell answered by a general denial. The defendants J. S. and S. E. Lancaster answered by general demurrer, special exceptions, general denial, and alleged specially that on or about the 27th day of July, 1925, the property in controversy constituted their homestead, which fact was known to the plaintiff and all of the cross-defendants; that said contract was executed for the purpose of securing a loan against their homestead for approximately $4,000; that it was not contemplated that the improvements would cost in excess of $2,500, but that the defendants would secure a lien for approximately $4,000, or $1,500 over the amount required to erect the improvements; that said contract was, therefore, invalid in so far as it attempted to create a lien against the property; that said contract is void, and did not create a lien against the premises, because it was never contemplated that M. T. Daniell, the contractor named therein, would furnish the material and labor for the erection of such improvements; that M. T. Daniell was a strawman and entered into the contract at the instance and suggestion of the plaintiff; that M. T. Daniell did not perform or carry out any part of said contract; that no plans and specifications were ever made or agreed upon, and that said contract was wholly abandoned with the knowledge and consent of plaintiff, and the material was furnished on open account, and no lien exists to secure the payment thereof; that said contract did not constitute a valid lien against the homestead of defendants, for the reason that S. E. Lancaster, the wife of J. S. Lancaster, did not acknowledge said contract as required by law for the acknowledgment of a deed conveying a homestead, in that she was not examined privily and apart from her husband by the notary taking her acknowledgment, but that her acknowledgment was taken in the presence of her husband, and also in the presence of the agent of plaintiff and in the presence of the defendant Daniell. That J. S. Lancaster does not owe the plaintiff the amount of principal sued for, and does not owe interest and attorney's fees on the

note, as the consideration therefor in part failed; that the lumber and material advanced did not exceed the sum of $2,500; that defendant is indebted to the plaintiff for the price of the material actually furnished that went into the building and the money actually advanced for the payment of labor on the building, but that plaintiff did not furnish the amount sued for, and should not recover a judgment against him for any sum in excess of the actual amount of the value of the material furnished and the money advanced.

J. S. and S. E. Lancaster, by way of cross-action against the plaintiff and the cross-defendants, alleged that the plaintiff and each of said cross-defendants were claiming a lien against their homestead, which created a cloud upon the title thereto and prayed for the removal thereof.

The defendant La Verne Kershner defaulted and made no answer to the suit of plaintiff or the cross-action of the Lancasters. The cross-defendants Scales, Walker, Kretzer, Johnson, Blackman, Barnes, Wendland, and Holtkort separately answered the petition of the plaintiff and the cross-action of the Lancasters, each alleging in substance that, at the instance and request of the plaintiff and of the Lancasters, he had performed labor or furnished material in the erection of the building, the amount of his claim, that he had fixed his lien, as required by law, by filing affidavit in the clerk's office, and each asked for judgment for the amount of his claim and a foreclosure of his lien. Each also alleged the mechanic's lien contract entered into by J. S. and S. E. Lancaster with M. T. Daniell, the validity thereof, and his right to recover thereunder, if the property was declared to be a homestead.

J. S. and S. E. Lancaster replied to the cross-action of said defendants by general demurrer and general denial. The plaintiff, by supplemental petition, in reply to the pleading of the Lancasters, urged a general demurrer, general denial, and specially alleged that lot 6 was not the homestead of the Lancasters, that the mechanic's lien contract was properly acknowledged by S. E. Lancaster before J. O. Green, a notary public in and for Lubbock county, Texas.

The pleadings are very voluminous, but the above statement thereof is sufficient to disclose the questions presented for review. In response to special issues submitted by the court, the jury found that on July 27, 1925, the lot in controversy was not the homestead of J. S. and S. E. Lancaster; that at the time of the execution of the contract to M. T. Daniell the Lancasters had abandoned said lot as their homestead; that J. S. Lancaster was not present at the time the plaintiff took the acknowledgment of S. E. Lancaster to the mechanic's lien contract involved in this suit; that the plaintiff furnished J. S. Lancaster $850 with which to pay for labor performed in the erection of the improve-

ments on lot 6, and furnished material of the value of $1,850 that went into said improvements.

On these findings, the court rendered judgment that the plaintiff recover from the defendants J. S. and S. E. Lancaster the sum of $2,700, with interest thereon at 6 per cent. per annum from January 1, 1926, aggregating the sum of $3,036.15, together with its costs; that each of the cross-defendants, except La Verne Kershner, who had defaulted, have judgment against the defendants J. S. and S. E. Lancaster for the respective sums sued for, together with interest thereon at the rate of 6 per cent. per annum, and for costs; that the sums of money adjudged to be due plaintiff and the sums of money adjudged to be due each of the cross-defendants were secured by valid and subsisting liens against lot 6 and the improvements thereon; that such liens be and are foreclosed, and that the property be sold in satisfaction thereof; that all claims, demands, and liens in favor of M. T. Daniell and La Verne Kershner against the property were void and of no force and effect. From this judgment, the defendants J. S. and S. E. Lancaster prosecute this appeal.

The appellants challenge as error the action of the trial court in permitting the witness J. O. Green to testify, over objection, that it was his custom, at the time of taking the acknowledgment of S. E. Lancaster, not to permit the husband to remain in the room while the wife's acknowledgment was being taken, and that he thought he followed that custom on that occasion, because such testimony was hearsay and an opinion of the witness. The witness testified:

"I recall the time that J. S. and S. E. Lancaster came to my office to acknowledge a contract between them and M. T. Daniell. My recollection is that they came to the office, and that the contract and note and transfer had already been prepared; that they came into my room together, and that both of them signed the instrument in said room. I don't remember whether Mr. Lancaster was in the room at the time his wife acknowledged or not, but it was my custom at that time not to permit the husband to remain in the room while the wife's acknowledgment was being taken, and think I followed that custom; but I will not say whether he was in the room or not. I would not state that he was not in the room, or that I requested him to leave the room on this occasion."

Wigmore on Evidence, vol. 1, p. 335, § 98, says: "Thus a notary may testify that his habit is always to mail a notice of protest, and this habit alone (apart from or in the absence of a minute of the sending) would be receivable to indicate the probability that a specific notice was sent."

In State v. Day, 108 Minn. 121, 121 N. W. 611, the Supreme Court of Minnesota says: "A similar question was raised in Komp v. State, 129 Wis. 20, 108 N. W. 46, where the

notary testified that to the best of his belief and judgment he administered the oath to Komp on or about the date of the jurat; that he was a busy man and administered many oaths; that his testimony was based on the fact that he made a practice not to put his name to the jurat unless he swore the affiant, and upon the fact that he found his name to the jurat and Komp's name to the affidavit; that he had no recollection independent of the papers, but to the best of his judgment the oath was administered. The court remarked, in the course of the opinion, that the mere want of present recollection as to the exact circumstances under which the oath was taken did not necessarily control the presumption of fact arising from the official certificate." And the testimony was held admissible.

In Texas & Pacific Ry. Co. v. Booker Crump et al., 102 Tex. 250, 115 S. W. 26, the Supreme Court, speaking through Judge Brown, says: "One of the issues in the case was whether or not the bell was being rung on the engine at and before the time the boy was struck. The defendant placed upon the stand R. R. Ramsey, who was the engineer on the train that ran over the boy. He testified that he did not remember about that particular night; that there was nothing to fix it on his mind. He was asked the question, 'Do you know whether or not your bell was ringing that night?' to which he answered, 'Yes, sir; it is always ringing.' Upon objection of the plaintiffs the answer was excluded from the jury, but the ground of the objection is not stated. The defendant excepted to the ruling of the court in excluding the answer. The testimony should have been admitted. It was competent for the witness to state that the bell was ringing, relying upon his habit of ringing it to sustain him in that conclusion. The weight of the testimony was for the jury and it was not proper for the court to exclude it. Davie v. Terrill, 63 Tex. 107."

See, also, Gurley v. Pilgrim Oil Co. (Tex. Com. App.) 285 S. W. 283; Leonard v. Mixon, 96 Ga. 239, 23 S. E. 80, 51 Am. St. Rep. 134.

The acknowledgment of the notary public is in statutory form and states that "the said Mrs. S. E. Lancaster, wife of the said J. S. Lancaster, having been examined by me privily and apart from her husband," etc. The testimony of the other witnesses on this issue was conflicting.

■ The acknowledgment of a married woman to a deed may be proved by circumstantial evidence. Daniels v. Creekmore, 7 Tex. Civ. App. 573, 27 S. W. 148.

■■ In our opinion, it was not error to admit the testimony objected to, and the sufficiency of the evidence to support the finding of the jury is not questioned, and, in our opinion, warrants the finding that J. S. Lancaster was not present at the time the notary took the acknowledgment of his wife, S. E. Lancaster.

■ The appellants challenge as error the action of the trial court in permitting a recovery upon the mechanic's and materialman's lien contract, because the Whaley Lumber Company, having refused to comply therewith, or be bound thereby, would not be entitled to accept the benefits of such contract and at the same time repudiate the obligations imposed thereby. There is no serious contention that the improvements were not erected and completed in substantial compliance with the mechanic's lien contract. Appellant's contention is based on the fact that the Whaley Lumber Company refused to pay some of the bills for labor presented, presented an inflated account, and failed and refused to give bond guaranteeing that the house was completed and all bills paid, so appellants could secure a loan for the sum of $3,600 from some loan company.

The contract assigning the note and mechanic's lien contract by M. T. Daniell to the Whaley Lumber Company provides that the purchaser of the lien and note, when it deems it safe and prudent, may make payment as the work progresses, and that the entire amount of $3,800 may be due and payable upon the completion of the improvements, if M. T. Daniell shall procure for the purchaser the written acceptance of the improvements by the appellants, and when the purchaser is furnished satisfactory evidence that all bills or claims growing out of the building contract have been satisfied. The Whaley Lumber Company, by its purchase of the note and lien by said contract of assignment, did not assume the contract of M. T. Daniell, nor did there rest upon it the duty of completing the building, if the contractor failed to do so. Galbraith Lumber Co. v. Long (Tex. Civ. App.) 5 S.W.(2d) 162.

■ The assignment contract did not impose upon the Whaley Lumber Company any obligation other than to advance money for payments, if it deemed proper, as the work progressed, and to pay the entire amount when the building was accepted and it was furnished evidence that all bills and claims had been paid. It is nowhere obligated to furnish bond showing that all such bills have been paid and the house completed and accepted, in order to enable appellants to secure a loan from the loan company. Any issue arising under the pleadings and testimony that the Whaley Lumber Company was, in fact, the contractor, and that M. T. Daniell, as alleged by appellants, was a strawman, and made and entered into the contract at the instance and suggestion of the Whaley Lumber Company, was not submitted to the jury, no objection made to the court's charge for having failed to submit such issue, and no such issue requested by appellant; hence such a defense

to the validity of the contract was waived or abandoned. Ormsby v. Ratcliffe (Tex. Sup.) 1 S.W.(2d) 1084. The facts did not show, as a matter of law, that the obligations of the contractor in the mechanic's lien contract were assumed by the Whaley Lumber Company. This assignment is overruled.

The appellants challenge as error the action of the trial court in refusing to admit the testimony of M. T. Daniell to the effect that, at the time he signed the contract in controversy, he did not intend to furnish labor or material for the building, because such evidence would have shown that M. T. Daniell did not intend to be 'bound by the contract, all of which was known and acquiesced in by the Whaley Lumber Company, and such contract was therefore not binding upon appellants. The record does not show that the Whaley Lumber Company had any knowledge of the intention of M. T. Daniell, the contractor, not to perform the contract, or any knowledge that the appellants had contracted with him upon such an understanding. The secret intention of the contractor would not be binding upon the Whaley Lumber Company. 7 Enc. of Evidence, p. 601.

Appellants challenge as error the sufficiency of the testimony to authorize the judgment of the trial court in behalf of the cross-defendants for the respective sums which each of them was awarded. The testimony supporting the action of the court in the amount awarded to each of said cross-defendants is not controverted, and in our opinion is sufficient to sustain the action of the court.

The jury having found that the acknowledgment of Mrs. S. E. Lancaster to the mechanic's lien contract involved in this suit was properly taken by the notary, said contract was valid and constituted an enforceable lien against the property, even if it is a homestead, and all the appellees were entitled to and did recover by reason of said lien; hence the assignments of error attacking the issues submitted by the court relative to whether or not the property was the homestead of appellants, or had been abandoned by them, become immaterial, and will not therefore be discussed.

The judgment is affirmed.