### T. H. KING ET AL. V. MARY E. HALEY, EXECUTRIX.
#### No. 2881.

1.  **Jurisdiction of District Court—Partition Sale.**—It being shown that a suit was pending in the District Court to partition the estate of T. D. Jones, part of the land of the estate being in the county where the suit was pending, that the court, March, 1880, made an order of sale and appointed a commissioner to sell, and that the sale was confirmed by the court and deed made to the purchaser; *held*, the District Court having jurisdiction to order the sale, in the absence of evidence to the contrary it must be presumed that it acquired jurisdiction over all persons necessary to empower it to make all necessary orders and decrees, binding upon all persons interested in the Jones estate.

2.  **Case Adhered to.**—Davis et al. v. Agnew, 67 Texas, 206, adhered to.

3.  **Deed of Confirmation—Innocent Purchaser.**—January 12, 1872, a deed imperfectly acknowledged was made by a married woman, whose property it was intended to convey. The deed was recorded. The land was subsequently sold under execution against the grantee holding under the defective deed. May 13, 1887, the married woman and her husband executed another deed for the land to the purchasers under the execution sale, the deed reciting payment at the making of the first deed and ratifying and confirming said first deed. On March 9, 1882, was duly recorded a deed of date September 4, 1845, by which the father of the married woman conveyed the land to a party under whom the plaintiff claimed. *Held:*

1.  The record of the older deed March 9, 1882, was notice to the grantees of the deed of May 13, 1887, from the daughter.

2.  The deed of *confirmation* by its recitals could not supply proof of payment upon the making of the imperfect deed in 1872.

3.  The deed of May 13, 1887, could only convey whatever right the grantors had in the land at the time executed.

4.  That the purchasers at the execution sale only took the interest in the land

owned by the defendant in execution. The equities, if any, between the defendant in execution and his vendor by reason of his payment, if made, did not pass by the sale.

4. **Disclaimer by a Defendant in Possession.** — A tenant in possession was. sued in trespass to try title. He disclaimed, and his landlords were made parties. *Held*, that a judgment for plaintiff properly adjudged costs against the original defendant, notwithstanding his disclaimer.

APPEAL from Hunt. Tried below before Hon. H. O. Head.

Mary E. Haley, administratrix of W. H. Haley, brought this suit May 11, 1887, against the appellant T. H. King for the north half of 320 acres of land in Hunt County, patented to Simeon K. Woodrow. King disclaimed on the 30th of January, 1889, and alleged that he was a tenant of Samuel C. Davis & Co. On the 30th day of January, 1889, the members of the firm of Davis & Co. made themselves parties defendant. and filed a general demurrer, denial, and plea of not guilty.

The cause was tried on February 13, 1889, on an agreed statement of. facts.

The plaintiff deraigned title as follows:

1. Patent from Republic of Texas to Simeon K. Woodrow, dated. December 1, 1845, conveying 320 acres of land.

2. Field notes of survey of 320 acres of land for Simeon K. Woodrow, including the land described in plaintiff's petition.

3. Deed from Simeon K. Woodrow to Mabel Gilbert, dated September 4, 1845, conveying the 320 acres.

4. Warranty deed from Mabel Gilbert to Nicy Ann Hampton, dated September 25, 1856, conveying the 320 acres.

5. Warranty deed from Nicy Ann Hampton, joined by her husband John Hampton, to T. D. Jones, dated September 25, 1869, conveying the 320 acres.

6. Certified copy of a decree of the District Court of Fannin County, Texas, rendered March 15, 1880, in a suit for partition, etc., of the estate of T. D. Jones, deceased, wherein the north half of the 320 acres is ordered to be sold, and Smith Lipscomb is appointed by the court agent to sell the same to the highest bidder at public sale.

7. Copy of a decree of the District Court of Fannin County, Texas, rendered August 17, 1880, confirming the sale of the said land made by Smith Lipscomb, agent, to W. H. Haley, and order of said court requiring said Lipscomb to make deed conveying said land to said W. H. Haley.

8. Deed from Smith Lipscomb, agent by appointment of the District Court of Fannin County, to W. H. Haley, conveying the north half of the Simeon K. Woodrow 320-acre survey, deed dated August 17, 1880.

There was an agreement that W. H. Haley is dead and that appellee is his administratrix; that the administration is still pending in Fannin County, Texas; that that portion of Hunt County in which the land in controversy is situated was a part of Fannin County until the 28th day

·of July, 1846, when Hunt County was organized; that the land sued for in this suit is the north half of that described in the foregoing patent and field notes offered in evidence by plaintiffs, and that Book A of the surveyor's records of Hunt County, Texas, contains the transcript of the surveys taken from the surveyor's records of Fannin County by authority of the County Court of Hunt County, as provided by law. It is further admitted that Simeon K. Woodrow moved from Texas to Missouri and died intestate prior to the year 1872; that there never was any administration on his estate, and that his only heirs at the time of his death were Ephraim Woodrow and Margaret Forshee.

The defendants defend as innocent purchasers, etc., under the following chain of title:

1. Deed from Ephraim Woodrow and wife to W. H. Hensley conveying an undivided half interest in Simeon K. Woodrow survey and in 640 acres Nancy K. Woodrow survey, dated February 26, 1872, and recorded in Hunt County April 25, 1872.

2. Warranty deed from W. H. Hensley to J. M. Griffin conveying an undivided one-half interest in the Simeon K. Woodrow survey of 320 acres above described and an undivided one-half interest in the Nancy K. Woodrow survey, etc., dated February 29, 1872, and filed for record in Hunt County, Texas, April 25, 1872.

3. Warranty deed from J. M. Giffin to W. M. Patterson for same land as last above described, dated March 2, 1874, and filed for record in Hunt County on same day.

4. W. M. Patterson to John C. O'Neal, same land as last above de-·scribed, dated September 1, 1875, and filed in county clerk's office of Hunt County same day.

5. Warranty deed from Margaret Forshee and her husband John Forshee to Joseph W. Farrier, conveying one-half interest in 320 acres Simeon K. Woodrow headright survey and one-half interest in 640 acres Nancy K. Woodrow survey, dated January 12, 1872, and filed and recorded February 3, 1872, in Hunt County, Texas.

Plaintiff objected to the introduction of the above deed because the grantor was a married woman and the certificate of the officer did not show that she indicated that she did not wish to retract her act.

6. Deed from Margaret Forshee and her husband John W. Forshee to Samuel C. Davis & Co., dated May 13, 1887, and filed for record in Hunt County, Texas, May 16, 1887. This deed ratifies that of the grantors to Farrier, also reciting that Farrier had paid them at the execution of the defective deed of January 12, 1872, etc.

Plaintiff objected to the introduction of the above deed for the following reasons:

(1) Because it does not appear that it was made for a valuable consid-

eration, and it must pass therefore only such title as the grantors then had, which was no title of any kind.

(2)   Plaintiff's title from the grantor's deceased father having been correctly recorded in Hunt County, Texas, prior to the execution of this deed, it is inoperative and can have no effect against them and their prior recorded title.

(3)   Plaintiff objects to the said instrument as proof of the execution of a deed by said grantors to Joseph W. Farrier on January 12, 1872, or as proof of any other statement therein contained, because same is not such proof as is required by law.

7.   Deed between John C. O'Neal and Joseph W. Farrier, dated July 12, 1876, and recorded in Hunt County, Texas, same day.   Plaintiff objected to the introduction of above instrument because Joseph W. Farrier had no title or interest in the land sought to be partitioned; therefore there was no consideration for its execution and it is therefore void.

Defendants then offered in evidence judgment foreclosing attachment lien by Hunt County County Court on the land and other land in a suit in which Samuel C. Davis & Co. were plaintiffs and Joseph W. Farrier and James C. Gardner were defendants.   Also order of sale and agreement concerning same.

Defendants also offered in evidence deed by the sheriff of Hunt County to Samuel C. Davis & Co., dated April 4, 1877, and filed in Hunt County, Texas, March 17, 1880.

It was agreed that Davis & Co. have paid all taxes on the land since the date of the sheriff's deed to them.   That at the time defendants purchased at the sheriff's sale they had no actual notice of the plaintiff's title papers.   Neither did W. M. Patterson or John C. O'Neal have any actual notice of any of plaintiff's title papers when they purchased, and neither knew that the plaintiff or any of her vendors had any title to the land, and each of them paid a valuable valid consideration for the land conveyed to them and believed they were getting good titles.

When Samuel C. Davis & Co. bought the land at sheriff's sale they had an attorney to examine the records of deeds of Hunt County, Texas, and they and their attorney believed the title to said land to appear from said records to be in Joseph W. Farrier, and that they were getting good titles at sheriff's sale.

It was admitted by the defendants that plaintiff proved by John C. O'Neal that he did not receive any money consideration from Joseph W. Farrier for the deed specified in clause 7 above referred to in defendants' evidence.   The facts are these:   O'Neal deraigned under Ephriam Woodrow as above set out to an undivided half interest in the land, and Joseph W. Farrier had a deed under Margaret Forshee to an undivided half interest in same.   The only deed Farrier had being the one with defective acknowledgment, which deeds are herein set out above, and in order that

each party might have his land set out by metes and bounds, O'Neal executed the deed specified in finding 7 to Farrier, and Farrier executed a similar deed to other parts of the land to O'Neal.

Plaintiff recovered judgment for the land and costs of suit against all of the defendants.

*R. L. Porter*, for appellants. —1.  When the property sought to be partitioned belongs to the estate of a deceased person being administered upon, the Probate Court has exclusive jurisdiction to make the partition.   To make a decree of partition valid, the proceedings must show the parties to the suit, the date thereof, the style of the suit, the property partitioned, and the party to whom decreed, and unless it so shows the proceedings must show that the court determined the interest of the parties, appointed commissioners, and that they reported the property incapable of division, before the court would have the power to appoint an agent to sell. Sayles' Civ. Stats., arts., 3468, 3469, 3479, 4340;  Keener v. Duff, 66 Texas, 183;  Tieman v. Baker, 63 Texas, 644;  Kremer v. Haynie, 67 Texas, 450;  McLain v. Van Winkle, 46 Ill., 406;  Deming v. Clark, 59 Ill., 218.

2.   Where a creditor sues the debtor and attaches his land, prosecutes his suit to judgment, forecloses his lien, buys the land, pays the cost and attorney fees in cash, pays the taxes for the year in which the suit was filed and judgment rendered and sale made, which was legally due by the debtor, and credits the excess of his bid over the cost on his debt put in judgment, the consideration and deed were sufficient to sustain the plea of innocent purchaser in 1876.   Sayles' Civ. Stats., art. 2318, and notes; Johnson v. Newman, 43 Texas, 642;  Ellis v. Singletary, 45 Texas, 40; Alstin v. Cundiff, 52 Texas, 464;  Sayles' Civ. Stats., art. 4334, note 21.

3.   One who at sheriff's sale buys the title of one who is an innocent purchaser acquires all the title held by the vendor as fully as if it were a voluntary sale, and is an innocent purchaser, even though he may not have paid a valuable consideration.   Moore v. Curry, 36 Texas, 669; 2 Devl. on Deeds, secs. 746, 747; Sayles' Civ. Stats., art. 555.

4.   The land involved in this suit not being patented when it was conveyed by the ancestor, and that deed being withheld from the record thirty-seven years, and until the patent issued and defendants acquired the legal title from the apparent owners, defendants acquired the superior legal title to the equitable one held by plaintiff under the ancestor.   Hill v. Moore, 62 Texas, 612;  Barnes v. Johnson, 24 Texas, 364;  Johnson v. Newman, 43 Texas, 642.

5.   The deed from Mrs. Forshee to Samuel C. Davis & Co., made in 1887, related back to and cured the defects in the deed to Farrier made in 1872, and the first deed was a sufficient contract upon which to base the deed made in 1887, which deed takes the place of the deed made in

1872, and relates back to that date.   Sayles' Civ. Stats., art. 561; Womack v. Womack, 8 Texas, 414; Deutsch v. Allen, 57 Texas, 90.

*Mathews & Neyland,* for appellee.— 1.   The District Court is one of general jurisdiction over land, and its orders and judgments are conclusive in such matters and can not be collaterally attacked.   The record shows a suit to partition the land in the District Court of Fannin County, and an order for its sale, and appointing an agent to sell, and an order confirming the agent's sale and ordering him to make deed.   These acts are presumed to be regular, and all acts preceding are presumed to have been done that were necessary and within the jurisdiction of the court, and the agent's deed conveys title.   It is too late to raise the objection in the Supreme Court for the first time.   Grassmeyer v. Beeson, 18 Texas, 753; Davis v. Wells, 37 Texas, 606.

2.   In order for a defendant to recover as an innocent purchaser, etc., against a legal title it must be proven by evidence other than and independent of the recitals in the deeds that a valuable consideration was really paid.   Bremer v. Case, 60 Texas, 151; Hawley v. Bullock, 29 Texas, 222; Watkins v. Edwards, 23 Texas, 448.

3.   The acknowledgment to the deed from Margaret Forshee and husband to Jos. W. Farrier was decided by this court in Davis v. Agnew, 67 Texas, 206, to be void.   This deed was dated January 12, 1872, and was the only conveyance from Mrs. Forshee to any one on March 9, 1882, when appellee's claim of title was regularly recorded.   On May 13, 1887, after the decision of the cause of Davis v. Agnew, the appellants herein obtained a conveyance from Mrs. Forshee, and insist that it cures the defect in the original deed of January 12, 1872.   Appellee announces as a proposition that the last deed of May 13, 1887, could only serve as a conveyance at that time from Mrs. Forshee to appellants and could not be held to relate back and give them a title superior to that which they bought at sheriff's sale in 1872.

STAYTON, CHIEF JUSTICE.—The estate represented by appellee shows title to the land in controversy, which in its regular deraignment from the original grantee is not questioned except in one particular by appellants Davis & Co., who are the real defendants, who seek to show that they are purchasers in good faith without notice of the outstanding chain of title through which appellee claims.

It is urged that the proceedings had in the District Court for Fannin County in the partition of the estate of T. D. Jones and the deed made in pursuance thereof are insufficient to show title from the estate of Jones to Haley.

The proceedings had in the District Court are not set out in full, but the statement of facts shows that a suit was pending in the District Court

for Fannin County to partition the estate of T. D. Jones, who held title to the land in controversy by regular chain of title from the original grantee; that on March 15, 1880, that court made an order directing a person named to sell the land at public auction to the highest bidder; that on August 17, 1880, the same court confirmed a sale made by the person named, and directed him to make a deed to plaintiff's intestate, which was done.

The District Court had jurisdiction to render such decrees as are shown to have been rendered, and in the absence of evidence to the contrary it must be presumed that it acquired jurisdiction of all persons necessary to empower it to make decrees that would bind all persons interested in the estate of T. D. Jones, and that every step was taken required by law to authorize the court to cause the land to be sold for purpose of partition.

Appellee then shows title to the land in the estate represented by her, and was entitled to recover unless appellants showed that they were innocent purchasers.

The case of Davis v. Agnew, 67 Texas, 206, involved the title to the south half of 320 acres of land, part of the same tract of which that now in controversy is the north half.

Appellants' title to the land in controversy in this action is the same in all respects, except one, as was it in the case above referred to, and the title of appellee is the same as that shown by Agnew, except in the proceedings had in the District Court for Fannin County before referred to. In so far as the questions are the same in this case as were they in the case referred to, it is unnecessary again to discuss them.

In the case of Davis v. Agnew it was held that appellants showed no title, holding as they did through a deed from a married woman, a daughter of the original grantee, not acknowledged as deeds are required to be to pass title to land, the separate estate of a married woman. Appellants, in the case of Davis & Co. v. Agnew, claimed title through a deed made by a daughter of the original grantee, dated January 12, 1872, to Joseph W. Farrier, and through a purchase made by them under a judgment in their favor against Farrier.

The daughter of the original grantee was a married woman at the time she and her husband attempted to convey her interest in the land to Farrier by deed which, for want of sufficient acknowledgment, was inoperative.

The original grantee, by warranty deed of date September 4, 1845, conveyed the entire tract to one under whom appellee holds by regular chain of title.

That deed and the subsequent deeds through which appellee holds were not recorded in the county in which the land is situated until March 9, 1882, except the deed to her intestate, which was recorded February 15, 1881.

On May 13, 1887, appellants obtained a deed from the daughter of the original grantee, who before had attempted to convey to Farrier, intended to be a confirmation of the deed inoperative because not properly acknowledged.

That deed is sufficient to pass to appellants whatever title its makers had at the time it was executed, and it contains recitals that Farrier paid valuable consideration for the land at the time the inoperative deed was executed to him.

The deed last referred to was admitted in evidence, and there was evidence showing that Davis & Co., when they bought under execution against Farrier, paid the costs which had accrued in their action against him.

On these facts appellants claim that they are innocent purchasers for value, and that their right relates to the date of the attempted conveyance to Farrier.

There is no proof that Farrier paid any sum or gave anything of value when the daughter of the original grantee and her husband attempted to convey to him.

As against appellee, whatever right appellants have grows out of the deed made to them by the daughter of the original grantee, of date May 13, 1887. Before that date the deed from the original grantee, the father of appellants' vendor, had been placed on record, and they were thus affected with notice that their vendor had no title when they received a deed from her.

This is conclusive of the rights of the parties, but were it not so we do not see that appellants could acquire any right or equity by reason of the fact that Farrier may have paid a valuable consideration when he received the deed not properly acknowledged.

At the sale made under the execution against Farrier and in favor of appellants, they only acquired such right to the land as Farrier had, and not any equities which may have existed between the latter and the daughter of the original grantee growing out of transactions between them; but were this not so, proof that Farrier paid a valuable consideration, as against appellee, could not be proved by recitals in the deed to appellants of date May 13, 1887.

Appellant King was in possession of the land at the time the action was brought as the tenant of his codefendants, and the court did not err in rendering judgment against him for the land and costs, notwithstanding his disclaimer.

There is no error in the judgment and it will be affirmed.

*Affirmed.*

Delivered November 19, 1889.