## GAITHER v. GAITHER.   (No. 528.)

Court of Civil Appeals of Texas. Eastland.
Jan. 18, 1929.

Rehearing Denied March 1, 1929.

R. E. Rodgers, of Hamlin, and Smith & Smith, of Anson, for appellant.

Thomas & Shapard, of Anson, for appellee.

LESLIE, J. Appellant, M. A. Gaither, brought this suit to set aside a deed to homestead on the ground that the certificate of the notary's acknowledgment was incomplete, and for the further reason that appellee, R. E. Gaither, failed to carry out the conditions constituting the consideration for the execution of the deed. There was a general denial and a plea of ratification by the plaintiff. The case was tried before the court and jury, and, upon the answer to a single special issue, the court rendered judgment in favor of the defendant, and this appeal follows.

It appears that M. M. Gaither, deceased, and his wife, M. A. Gaither, appellant herein, resided upon the N. W. ¼ of subdivision 4, league No. 358 of the Goliad county school lands, located in Jones county, Tex., as a homestead. March 7, 1908, they deeded the same to R. E. Gaither for $1 and the further consideration that said R. E. Gaither take care of Mrs. M. A. Gaither (plaintiff below) her lifetime, furnishing her with the comforts of life, food, clothing, etc. There was a provision forfeiting the conveyance in event the grantee failed to comply with the provision just noted. The defendant, R. E. Gaither, became insane during the year of 1910, and has since so remained. The above deed was acknowledged by the grantors before C. W. Middleton, a notary public, whose certificate to the deed is: "Before me, C. W. Middleton, a Notary Public in and for Jones County, Texas, on this day personally appeared M. M. Gaither and wife M. A. Gaither, known to me to be the persons whose names are subscribed to the foregoing instrument and acknowledged to me that they executed the same for the purposes and consideration therein expressed."

Upon the execution and delivery of said deed R. E. Gaither entered upon the discharge of the obligations assumed therein by him, and continued to meet the same until he became insane, about the year 1910, since which time, according to the jury's finding, such obligations have been discharged by the family and guardian of said R. E. Gaither. M. M. Gaither died a few months after the delivery of the original deed of March 7, 1908, and subsequent to his death said M. A. Gaither, on October 28, 1916, undertook to ratify the original deed, and in such deed of ratification recited that:

"Whereas, it appears from the Notary's certificate that the acknowledgment of said M. A. Gaither to said deed was not properly taken, though in truth and in fact her acknowledgment was taken in accordance with the law in such cases provided, that is to say, the Notary Public, C. W. Middleton, explained said deed to the said M. A. Gaither, and she did acknowledge to him privily and apart from her said husband that the same was her act and deed, that she had willingly signed the same for the purposes and consideration therein stated and that she did not wish to retract it; and whereas, because of said error there is some question as to the validity of said instrument; and whereas, the said Notary Public C. W. Middleton, is now dead; and whereas, it was the intention of said M. M. and M. A. Gaither to convey said tract of land to the said R. E. Gaither, for the consideration therein named; Now, Therefore, Be it known, for the purpose of correcting the error aforenamed, I, the said M. A. Gaither, the surviving wife of M. M. Gaither, deceased, have ratified, confirmed, and do hereby ratify and confirm the aforesaid deed and do by these presents bargain, sell and convey to said R. E. Gaither for the consideration aforenamed, the above described tract of land."

Article 6655, R. S. 1925, provides that: "When the acknowledgment or proof of the execution of any instrument in writing may be properly made, but defectively certified, any party interested may have an action in the District Court to obtain a judgment correcting the certificate."

Suits under such circumstances are not uncommon in this state. The recitals set out above conclusively establish that the vice relating to that instrument was in the notary's certificate and not in M. A. Gaither's having failed to meet any of the statutory requirements essential to the conveyance of her homestead. Since she has voluntarily executed the ratification deed and thereby rendered it unnecessary for R. E. Gaither or his representatives to resort to court to obtain a judgment correcting the original certificate, thereby establishing the evidence that such conveyance was originally made by her in compliance with law, it would seem that such deed of ratification fully met and complied with all the purposes of such a suit; and we believe that it related back to the original deed and that it fully perfected that instrument as evidence of a complete conveyance then made by her and her husband of the property conveyed to R. E. Gaither.

In the case of Johnson v. Taylor, 60 Tex. 360, is found this language: "While it is true that the statute must be complied with in order to pass title to a married woman's separate estate, it does not follow necessarily that an instrument willingly executed by her, and actually acknowledged as required by law before a proper officer, is absolutely void, simply because the officer has failed to make the proper certificate which the facts authorized and the law required him to make."

We do not believe the original deed by M. M. Gaither and wife to R. E. Gaither was void by reason of the notary's omission; and we are of the opinion that M. A. Gaither, after the death of M. M. Gaither, had the power to ratify and confirm said original instrument by the deed of October 28, 1916, wherein

she clearly admits that her original acknowledgment was taken in the manner required by law.

The court held in Halbert v. Hendrix (Tex. Civ. App.) 26 S. W. 911: "When there is a defective acknowledgment and certificate of the wife's signature and assent to a conveyance of a homestead, it is held that she may make a new acknowledgment with intent to cure the defect; and, where the acknowledgment is properly made and certified, it will, in the absence of intervening rights of third persons, relate back to the time at which the deed was originally delivered, and no new delivery is required." This, we think, is true of the ratification deed in the instant case.

■■ As to the plaintiff's fifth proposition, complaining that the court erred in asking the jury, "Did the defendant, R. E. Gaither, or his heirs or legal representative," fail to furnish M. A. Gaither the comforts of life, etc., as per the terms of the original deed, this issue was answered in the affirmative by the jury, and the complaint is that R. E. Gaither, being alive and in the asylum, had no heirs, and that the use of such term in the submission of the issue was a "fundamental error apparent on the record, calculated to mislead the jury." The issue as given was not objected to by the appellant, therefore all objections, including this one, were waived by the appellant under article 2185, R. S. Neither was an issue requested under article 2190, R. S., and the court was, therefore, under this record, justified in making findings to sustain his judgment.

■ Further, the word "heir" was evidently understood by the litigants, court, and jury to mean children, and under the peculiar facts of this case it would be hypercritical to consider the inadvertent use of the word "heir" as an error fundamental in nature. We do not consider the appellant prejudiced or the jury misled by the word as used. The evidence abundantly supports the jury's conclusion to the effect that R. E. Gaither and his family, during the years of his sanity, substantially complied with the conditions of the deed, and that, since he fell a victim to the malady that now confines him in the asylum, his wife and children and the guardian, W. M. Gaither, have carried out and met the obligations cast upon R. E. Gaither by the original deed.

For the reasons stated, appellant's propositions 1 to 6, inclusive, are overruled.

The authorities cited by the appellant set forth instances in which the certificate of acknowledgment had not been corrected in any manner, either by a judgment of the court or by ratification, and of course such omissions could not be cured by parol evidence at trials in suits in trespass to try title. Other authorities cited involve cases where the acknowledgments were not taken as by law required, in that there were omissions, either of privy examination, explanation, appearance before a notary, etc. Such authorities would have no bearing on the instant case, which is one involving an inaccurate certificate on the part of the notary.

■■ By the seventh proposition complaint is made that the court erred in appointing W. M. Gaither guardian ad litem to represent the interest of the defendant, R. E. Gaither, upon the trial of this cause, for the reason that said W. M. Gaither was not a disinterested person, being a brother of R. E. Gaither and an heir of the deceased, M. M. Gaither. W. M. Gaither was the guardian of the lunatic's estate, and, under article 4164, "entitled * * * to bring and defend suits by or against him," the ward. The record discloses no necessity for the appointment of said Gaither as guardian ad litem also, since article 2159, R. S., provides that the court shall appoint a guardian ad litem for a lunatic for the purpose of defending a suit against him when he "has no guardian within the state." W. M. Gaither, in the capacity of guardian of the ward's estate, had already become a party to the litigation. He appeared in behalf of his ward and in that capacity has loyally and successfully established and maintained every right to which the ward was entitled, and if it could be said there was any error in the appointment of him as guardian ad litem also, it was harmless error, and the judgment should not be disturbed on a complaint that evidences no harm to the ward. This proposition is overruled.

■ The eighth proposition is also overruled. It complains that the court refused to submit to the jury the three special issues tendered by appellant. They were grouped on one sheet of paper, and some of them, if not all, were merely of evidentiary matters, and the court did not err in refusing to submit them. Some of them being incorrect, the court was justified in refusing all. Longworth v. Stevens (Tex. Civ. App.) 145 S. W. 257.

We believe the trial court has properly tried the cause and rendered a correct judgment. For the reasons assigned, it will be affirmed.