We therefore recommend that the questions certified to be answered as above shown.

CURETON, C. J.

Opinion of the Commission of Appeals answering certified questions adopted and ordered certified to the Court of Civil Appeals.

### GAITHER v. GAITHER.
### No. 1140—5427.

Commission of Appeals of Texas, Section B.
March 12, 1930.

Smith & Smith, of Hamlin, for plaintiff in error.

Thomas & Shapard, of Anson, for defendant in error.

SHORT, P. J.

This suit was filed by the plaintiff in error seeking a decree canceling an instrument of writing purported to be a deed executed by herself and husband to their homestead of 160 acres of land, dated March 7, 1908, in which R. E. Gaither, the son of the husband and the stepson of the plaintiff in error, was the grantee, in consideration that R. E. Gaither would take care of the plaintiff in error during her lifetime, and providing that, otherwise, the deed would be null and void. Sometime during the year 1908 thereafter, the husband of the plaintiff in error died, and in the year 1910 R. E. Gaither became insane and was confined in the lunatic asylum, where he has since remained. At the time R. E. Gaither became insane he was married and had two sons, one being about seven years old and the other about sixteen. One of these sons afterwards married his stepsister, daughter of his stepmother. Up to the time R. E. Gaither became insane he lived on the 160 acres of land, together with the plaintiff in error and other members of the family. Since he became insane, up to the year 1926, the widow and children and the plaintiff in error continued to live on the land, with some intermission, during which time the plaintiff in error collected the rents and used them for her support. In the year 1926 the elder brother of R. E. Gaither, W. M. Gaither, qualified as the legal guardian of his estate, and took possession of the 160 acres of land. Soon thereafter this suit was instituted, resulting in an adverse judgment to the plaintiff in error, and on appeal to the Court of Civil Appeals, the judgment of the trial court was affirmed. 14 S.W.(2d) 286.

The instrument sought to be canceled apparently was not acknowledged in the form prescribed by the statute for the taking of acknowledgments of married women, nor was there any apparent effort to comply with this statute. The petition sought a cancellation of the instrument on this ground.

The certificate being defective, the instrument conveyed no title to the 160 acres of land, the homestead of the plaintiff in error. However, the guardian of the estate of R. E. Gaither, the defendant in error here, among other things in his answer, alleged that on the 28th day of October, 1916, the plaintiff in error made, executed, delivered, and had recorded, a ratification deed, fully ratifying her act as evidenced by the instrument dated March 7, 1908. This deed is quoted in the opinion of the Court of Civil Appeals. It recites that the notary did explain to Mrs. Gaither the contents of the instrument, and that she did acknowledge to him, privily and apart from her husband, that the same was her act and deed, and that she willingly signed it, and did not wish to retract it; and it also recited the death of the notary public and her intention, and that of her husband, to convey the land to R. E. Gaither for the consideration named, and then states that, for the purpose of correcting the error, she had confirmed the original instrument, and concludes the document with these words: "And do by these presents bargain, sell and convey to the said R. E.

Gaither for the consideration before named, the above described tract of land." This instrument was properly acknowledged and duly recorded on the same day of its execution. No charge is made in the petition that this instrument was procured by fraud, nor is there any allegation that no delivery was made. Such being the state of the record, this instrument must be construed in the light of its language and the circumstances surrounding its execution. Its language is sufficiently broad to include the idea that the language in the instrument dated March 7, 1908, was intended to be adopted, and in determining the meaning of the instrument dated October 28, 1916, the language of the instrument dated March 7, 1908, must be included.

Such being the state of the record, the deed dated October 28, 1916, is sufficient to convey the title of the land in question to R. E. Gaither, subject, of course, to the obligations assumed by R. E. Gaither in the original instrument.

The instrument of October 28, 1916, in the light of the language of the instrument, evidences an executory contract voluntarily made by the plaintiff in error. R. E. Gaither, being civilly dead, could, of course, make no contract, and yet the plaintiff in error was authorized to make the conveyance of October 28, 1916, and to make a delivery of that conveyance for the benefit of R. E. Gaither's estate. The representative of the estate, in his pleadings, accepts the benefits of the conveyance made by the plaintiff in error, and tenders into court his valid obligation imposed by the terms of that instrument to maintain the plaintiff in error during her natural life. The plaintiff in error is estopped from refusing to accept this maintenance in the absence of any allegation of fraud, mistake, or accident, incident to the making and delivery of the instrument of October 28, 1916. The jury having found that the legal representative of the estate of R. E. Gaither had complied with the obligations imposed by the terms of the contract up to the time the verdict was returned, the trial court was under the legal necessity to enter a judgment denying to the plaintiff in error the right to the possession of the land. This judgment, however, would not be binding upon the plaintiff in error beyond the moment when the representative of the estate of R. E. Gaither failed and refused to maintain her. The contract evidenced by the instrument dated October 28, 1916, is an executory one. It can only become an executed one when the estate of R. E. Gaither has finally discharged the obligation imposed by its terms, which obligation can only be completed when the plaintiff in error shall have died. It is provided by the terms of the contract that the estate of R. E. Gaither shall forfeit all rights to the land whenever there shall have occurred a failure to maintain the plaintiff in error during her lifetime. Without full performance on the part of the estate of R. E. Gaither, the superior title to the land remains with the plaintiff in error and the legal heirs of her husband, subject to the homestead rights of the plaintiff in error, during her lifetime. The doctrine is well settled in an executory contract for the sale of land, if the vendee is in default in the entire performance of his obligation, he cannot defend against the suit of the vendor to recover the land. Hale v. Baker, 60 Tex. 217. Due to the character of the obligation imposed upon the estate of R. E. Gaither and the forfeiture clause embraced in contract, the principles of law announced in Cathey v. Weaver, 111 Tex. 515, 242 S. W. 447, by the Supreme Court, are not applicable. In the case at bar no vendor's lien note, deed of trust, or other mortgage lien was executed. The rights of the parties are determined by the terms of their contract. In this contract it is expressly provided that, whenever R. E. Gaither should fail to maintain the plaintiff in error, his right to the land, under the instrument, by virtue of which he held it, should terminate. Upon the happening of that event the plaintiff in error would still be entitled to a judgment forfeiting the right of R. E. Gaither to have the title to the land and to hold it thereunder, notwithstanding the judgment heretofore rendered.

We recommend that the judgment of the Court of Civil Appeals and that of the district court be so modified as to provide that the plaintiff in error shall have the right to annul the instrument of October 28, 1916, upon due judicial proceedings instituted for that purpose, based upon the proven fact that the legal representative of the estate of R. E. Gaither had failed to maintain her since the rendition of the judgment in this case, and that, as so modified, the judgment of the Court of Civil Appeals and that of the trial court be affirmed.

CURETON, C. J.

Judgments of the District Court and Court of Civil Appeals reformed and affirmed, as recommended by the Commission of Appeals.