# HAMLIN L. HILL v. W. N. FOSTER ET AL.

No. A-278. Decided March 21, 1945.
Rehearing overruled April 18, 1945.
(186 S. W. 2d Series, 343.)

*J. R. Hill,* of Houston, and *R. E. Schneider, Jr.,* of George West, for petitioner.

The Court of Civil Appeals erred in holding that the petitioner, who holds by deed executed in 1933 by Mrs. Baxley to his vendor, was a stranger to her title and could not attack the previously signed but void deed of 1902 from her and her husband under which respondents claim. Buvens v. Brown, 118 Texas 551, 18 S. W. (2d) 1057; Daniel v. Mason, 90 Texas 240, 244, 38 S. W. 161; Williams v. Ellingsworth, 75 Texas 483.

*W. N. Foster, Joe Strode* and *Claude L. Madeley,* all of Conroe, and *E. R. Campbell,* of Houston, for respondent.

The certificate of acknowledgment of Mrs. Baxley attached to the original deed to Kimbro was valid, as the substance of the notary's certificate sufficiently showed that the deed was explained to her and that she did not wish to retract it, and the petitioner herein was a stranger to the transaction as between the Baxleys and Kimbro, evidenced by the original deed. 1 Texas Jur., 552; William v. Cruse, 130 S. W. (2d) 908; Belcher v. Weaver, 46 Texas 293, 296; Lewis v. Houston Oil Co., 189 S. W. 607.

MR. JUSTICE SHARP delivered the opinion of the Court.

Petitioner filed suit in trespass to try title to recover 100 acres of land in the Orsan Shaw Survey, situated in Montgomery and San Jacinto counties, Texas. Respondents answered by plea of not guilty and by cross action in trespass to try title. Trial was to the court without a jury, and judgment was rendered that petitioner take nothing by his suit and that respondents recover in their cross action. The Court of Civil Appeals affirmed the judgment of the trial court. 181 S. W. (2d) 299.

The opinion of the Court of Civil Appeals contains a full statement of the facts and the contentions of the parties, and we refer to such opinion for such detailed statements. However, we will quote from the opinion of the Court of Civil Appeals the controlling facts:

"At the request of appellant the trial court filed findings of fact and conclusions of law which, in effect, are as follows: By stipulation it was agreed that Mrs. Annie Baxley was the common source of title and that whatever title the parties had was deraigned from her; that Mrs. Annie Baxley owned as her separate property on September 6, 1902, the 100 acres of land involved in this case; that she, joined by her husband, M. A. Baxley, deeded it on said date to R. Kimbro and the deed was filed for record in Montgomery County on March 11, 1904 .* * *; that on May 31, 1924, R. Kimbro and wife deeded said land to A. L. Kayser and the deed was recorded in Montgomery County on July 25, 1925; that A. L. Kayser owned a one-half undivided interest therein and held the other one-half undivided interest for appellee, W. N. Foster; * * * that on January 12, 1942, Mrs. Annie Baxley, joined by her husband, M. A. Baxley, executed a deed of ratification and conveyance approving and ratifying the deed they had previously executed to R. Kimbro on September 6, 1902, conveying to R. Kimbro, his heirs and assigns, the said 100 acres of land and the said deed was filed for record in Montgomery County on January 24, 1942; * * * that on August 31, 1933, Mrs. Annie Baxley and her husband, M. A. Baxley, executed and delivered to San Jacinto Lumber Company a deed conveying all of their right, title and interest in the Orsan Shaw Survey in Montgomery County and San Jacinto County for a consideration of $75.00; that the said instrument was delivered to Hamlin L. Hill, President of San Jacinto Lumber Company, and the same was filed for record in Montgomery County on April 15, 1941 * * *; that Hamlin L. Hill was practically the sole owner of San Jacinto Lumber Company; that prior to the execution and de-

livery of the last mentioned deed and prior to the payment of the consideration of $75.00 to appellant, Mrs. Annie Baxley told appellant that she had formerly sold 100 acres of land in the Orsan Shaw Survey to R. Kimbro some thirty-odd years previously thereto; that appellant was fully informed of the sale and conveyance of the land in question by the Baxleys to Kimbro and that the Baxleys claimed no title or interest in the said 100 acres of land after conveying it to Kimbro when he bought whatever interest the Baxleys had in the said land for the San Jacinto Lumber Company; that on February 25, 1942, the San Jacinto Lumber Company, acting through Hamlin L. Hill, President, conveyed all of its right, title and interest in the said land to appellant; that an abstract copy of the deed executed by the Baxleys to Kimbro on September 6, 1902, was introduced in evidence; that J. M. Dean, a Justice of the Peace of Geneva, County, Alabama, took the acknowledgments of. the Baxleys to the deed in question; that Dean was a neighbor of the Baxleys and knew them well; that the acknowledgment of Mrs. Annie Baxley was taken separate and apart from her husband; that the instrument was explained to her by the officer, Dean, before she signed it; that she signed it willingly and did not wish to retract the execution of the instrument; that the officer, J. M. Dean, impressed his seal on the certificate of acknowledgments; that the acknowledgments met the requirements of the Texas laws; that a Justice of the Peace in Alabama had the lawful right and authority to take acknowledgments of deeds; that the purchase of the land in question by appellant, Hamlin L. Hill, for San Jacinto Lumber Company after appellant had been advised that the Baxleys had many years previously thereto conveyed the said 100 acres of land in question to their neighbor, R. Kimbro, and that they did not want to do anything to injure or affect his title was mala fides; that the land in question was worth $6.00 to $8.00 per acre and that the consideration of $75.00 paid by appellant to Mrs. Annie Baxley was grossly inadequate; that appellees had rendered the land in question for taxes year by year and paid all taxes to date on the same but that neither the San Jacinto Lumber Company nor appellant had paid any taxes on the same."

Petitioner contends that the Court of Civil Appeals erred in holding that the deed from Mrs. Baxley and husband to R. Kimbro, conveying her separate property, was valid and passed title to the land described therein, although the notary's certificate fails to show that the deed was explained to Mrs. Baxley and fails to recite that she did not wish to retract it. On the other hand, respondents contend that the notary's certificate of

acknowledgment of Mrs. Baxley to the original deed was valid, and that the recitations contained in the certificate sufficiently show that the deed was explained to her and that she did not wish to retract it.

Respondents further contend that if the certificate be found defective in certain matters, the deed was not void but only voidable, subject to correction, and Mrs. Baxley's later voluntary ratification deed, properly acknowledged, relates back to the original instrument, and the testimony of the grantors showing that said first acknowledgment was properly made to the officer was admissible in connection with the admission of the ratification deed.

The certificate of acknowledgment attached to the deed, and complained of by petitioner, reads as follows:

"State of Alabama, Geneva County, I, J. M. Dean, Justice of the Peace in and for said County do hereby certify that on the 6 day of Sept. 1902 came before me the within named Annie Baxley who known or made known to me to be the wife of the within named M. A. Baxley being examined separate and apart from the husband touching her signature to the within deed acknowledged that she signed the same of her own free will and accord and without feer, constraint, threats or persuasion on the part of her husband. In witness whereof I hereunto set my hand this 6th day of Sept. 1902..

"(Seal) J. M. Dean, J. P."

1 Article 6608 of the Revised Statutes of 1925 prescribes the form of the certificate of acknowledgment of a married woman to a deed. In order for the notary's certificate to a married woman's acknowledgment to a deed to be valid, it is not necessary to use the exact language of the statute. A substantial compliance with the statute will be sufficient, if it contains language which possesses the same meaning or represents the same facts. 1 Tex. Jur., secs. 148, 149, 151, 549, and 550. The Court of Civil Appeals in its opinion by Chief Justice Pitts correctly announced the rule as follows:

"No particular form of words is required to render a certificate of acknowledgment valid so long as it shows on its face that all essential prerequisites to a valid acknowledgment were in fact complied with. Williams et al. v. Cruse et al., Tex. Civ. App., 130 S. W. (2d) 908, writ refused; Spivy v. March, 105 Tex. 473, 151 S. W. 1037, 45 L. R. A., N. S., 1109; Durst v.

Daugherty, 81 Tex. 650, 17 S. W. 388; Belcher v. Weaver, 46 Tex. 293, 26 Am. Rep. 267; 1. Tex. Jur. 552, par. 151."

■ An examination of the officer's certificate of acknowledgment of Mrs. Baxley fails to show that he fully explained the contents of the deed to Mrs. Baxley, and this omission fails to meet the requirements of Article 6608. Veeder v. Gilmer, 103 Texas 458, 129 S. W. 595, 596; Holland v. Votaw, 62 Texas Civ. App. 91, 130 S. W. 882, 884 (writ refused), 103 Texas 534, 131 S. W. 406; Cates v. Greene, 114 S. W. (2d) 592, 594; Norton v. Davis, 83 Texas 32, 36, 18 S. W. 430; Johnson v. Taylor, 60 Texas 60; Langdon v. Marshall, 59 Texas 296, 298; Adkins-Polk Co. v. Rhodes, 13 S. W. (2d) 386, 387.

■ Dean was qualified to take the acknowledgment. The trial court found that the Baxleys were near neighbors to Dean and were well known to him, and that in taking the acknowledgment of Mrs. Baxley he complied with all the requirements of Article 6608, but that he failed to place on the deed a sufficient certificate of acknowledgment. The trial court found that Mrs. Baxley properly acknowledged the deed made to Kimbro, and that Dean failed to attach to such deed a proper certificate. For that reason the deed was not void but merely inoperative as a conveyance until the certificate was corrected. The Baxleys are not claiming any interest in this land. In fact, when their attention was called to the defect in the certificate, they willingly executed a deed of ratification in order to correct such defective certificate on the original deed and make it operative. A defective certificate of acknowledgment may be corrected by an action brought for that purpose under Article 6655, or such certificate may be corrected by a subsequent execution of another instrument that recognizes the validity of the prior conveyance. Interstate Building & Loan Assn. v. Goforth, 94 Texas 259, 59 S. W. 871; Veeder v. Gilmer, 103 Texas 458, 129 S. W. 595; Gaither v. Gaither, 14 S. W. (2d) 286, affirmed 25 S. W. (2d) 299; Breitling v. Chester, 88 Texas 586, 590, 32 S. W. 527, 529; Starnes v. Beitel, 20 Texas Civ. App. 524, 50 S. W. 202; 1 Tex. Jur., p. 563, sec. 160.

■ Petitioner contends that the trial court erred in admitting parol evidence to establish the fact that Mrs. Baxley had properly acknowledged the deed to Kimbro in the manner required by law, and that the opinion of the Court of Civil Appeals affirming the trial court is contrary to the holdings in Veeder v. Gilmer, 103 Texas 458, 129 S. W. 595, Norton v. Davis, 83 Texas 32, 36, 18 S. W. 430, and Holland v. Votaw, 60 Texas Civ. App. 91, 130 S. W. 882. We do not think the conclusions reached

by the Court of Civil Appeals in this case are contrary to the holdings in the cases just cited. It is true that where a suit has not been brought to correct the defective certificate as provided for in Article 6655, or the parties have not properly ratified such defective certificate by their own act, parol evidence is not admissible to show that the instrument was in fact properly acknowledged. Veeder v. Gilmer, supra; Cates v. Greene, 114 S. W. (2d) 592. In the case of Veeder v. Gilmer, supra, Judge Williams, in discussing the admissibility of parol evidence to the fact that the acknowledgment was properly made under the law, said:

"In Building & Loan Association v. Goforth, 94 Texas 259, 59, S. W. 871, Judge Brown uses this language: 'The failure to properly certify the acknowledgment did not render the contract void, but it took effect as between the parties from the time the proper acknowledgment was taken before the officer. Shoemaker could have maintained an action against Goforth and his wife at any time within four years from the making of the contract for the correction of the certificate, and *upon a decree being entered to that effect the evidence of the acknowledgement* would be supplied.' This states the view properly to be taken of the effect to be given to the deed when finally the proper evidence of the acknowledgment has been supplied, recognizing the necessity of the written evidence in one of the prescribed forms. Of course when an action is pending and is maintainable for the correction of the certificate, parol evidence is admissible to show the facts essential to the judgment of correction, *or if, as in the case last above cited, the parties have made the correction themselves such evidence may be admitted to show the validity of the new contract,* but when there has been no new contract and the statutory remedy has been lost, the certificate alone can be looked to on the issue of title, and, if it fails to show the necessary facts, the deed must fail." (Second emphasis ours.) See also McCory v. Lutz, 62 S. W. 1094, affirmed in 94 Texas 650, 64 S. W. 780; Blanton v. Ray, 66 Texas 61, 17 S. W. 264; Daniels v. Creekmore, 7 Texas Civ. App., 573, 27 S. W. 148; Texas Land & Cattle Co. v. Walker, 47 Texas Civ. App. 543, 105 S. W. 545.

Here the Baxleys in good faith executed their deed to Kimbro. The officer taking the acknowledgment complied fully with the law, but failed to attach the proper certificate of acknowledgement of Mrs. Baxley to the deed. Thereafter they made no claim to the land conveyed in said deed. They gladly and willingly executed a deed of ratification for the purpose of correcting any defects in the officer's certificate of Mrs. Baxley's

acknowledgment to the original deed. The facts involved in the case of Veeder v. Gilmer, supra and other cases cited in which it is claimed that the Court of Civil Appeals hold differently, are materially different from the facts in this case. In the Veeder case, on which petitioner chiefly relies, the grantors did not undertake to correct the defects in the acknowledgment of their deed but resisted suit filed to make such correction, and they claimed the land by reason of the defective acknowledgment to the deed. This Court held that Article 6655 controlled the action of courts in making such corrections. It was not held that the grantors after a period of four years could not execute a deed of correction that would be valid as between the grantors and grantees, and those with notice that the grantors were not claiming any interest in the land and had previously in good faith conveyed same to another purchaser.

■ As between the parties to the instrument the ratification takes effect from the time the proper acknowledgment was first made, and such ratification relates back to the effective date of the original instrument. Interstate Building & Loan Assn. v. Goforth, 94 Texas 259, 59 S. W. 871, 873; Halbert v. Hendrix, 26 S. W. 911; Gaither v. Gaither, 14 S. W. (2d) 286, affirmed 25 S. W. (2d) 299.

■ As to bona fide purchasers for value and without notice of the facts relating to the original certificate, the ratification does not relate back to the original instrument, but takes effect as of the date of the ratification. King v. Haley, 75 Texas 163, 12 S. W. 1112; Hayden v. Moffat, 74 Texas 647, 12 S. W. 820, 15 Amer. St. Rpts. 866.

■ The purchaser of land acquires no title as against a grantee of a deed previously executed and recorded to which is attached a defective certificate of acknowledgment, where such purchaser knew that the grantor had previously executed a deed in good faith to the same land, and also knew that the grantor did not claim any interest in such land. This rule rests on the ground that the purchaser who obtained a deed to such land with notice of the facts of the prior conveyance is not a bona fide purchaser for value, and acquired no interest in such land as against those claiming under the deed with the defective acknowledgment attached thereto. Regan v. Milby, 21 Texas Civ. App. 21, 50 S. W. 287 (writ refused); McCory v. Lutz, 62 S. W. 1094, affirmed 94 Texas 650, 64 S. W. 780; 53 C. J., p. 1055, sec. 233, id. p. 985, sec. 134; 66 C. J., p. 1187, sec. 1044. This rule also applies to those who purchased for an indaequate consideration. Hume v.

Ware, 87 Texas 380, 28 S. W. 935; Nichols-Stuart v. Crosby, 87 Texas 443, 453, 29 S. W. 380, 382; 66 C. J., p. 1130, sec. 967.

■ The trial judge having found that petitioner had full notice of the deed from the Baxleys to Kimbro before he purchased from the Baxleys, and also that he purchased for a grossly inadequate consideration, held that he was not a bona fide purchaser, and therefore acquired no title as against Kimbro and those holding under him. The ratification deed voluntarily executed by the Baxleys in 1942, related back to and became effective as of 1902, in so far as it pertains to the interest of petitioner. The trial judge heard the testimony and filed his findings and entered judgment thereon. Both the trial court and the Court of Civil Appeals found that there was sufficient evidence to support the judgment of the trial court. This Court is bound by such findings, and will not set aside the judgment unless it can be said, as a matter of law, that there was no evidence of a probative nature to support the judgment of the trial court. We have examined this record, and have found evidence to support such judgment. This Court is not justified in holding to the contrary. Gulf Production Co. v. Continental Oil Co., 139 Texas 183, 164 S. W. (2d) 488; Merrell et ux. x. Timmons et vir, 138 Texas 250, 158 S. W. (2d) 278; Beer v. Landman, 88 Texas 450, 31 S. W. 805; 11 Tex. Jur., p. 871, sec. 113.

The judgments of the Court of Civil Appeals and trial court are both affirmed.

Opinion delivered March 21, 1945.

Rehearing overruled April 18, 1945.