**Cecil A. MEANS et al., Appellants,**

v.

**PROTESTANT EPISCOPAL CHURCH COUNCIL OF the DIOCESE OF TEXAS, Appellee.**

No. 16203.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Dec. 13, 1973.

Rehearing Denied Jan. 10, 1974.

James C. Brady, Houston, for appellants.

De Lange, Hudspeth, Pitman & Katz, Eugene J. Pitman, Houston, for appellee.

EVANS, Justice.

In this trespass-to-try title action after a nonjury trial, the trial court rendered judgment in favor of the plaintiff, Protestant Episcopal Church, Council of The Diocese of Texas. Findings of fact and conclusions of law reflect that the trial court found the plaintiff established record title to the land in controversy and that it had also proved a matured limitation title under the ten year statute of limitations.

In four points of error appellant complains generally that the trial court's findings of fact and conclusions of law have no support in the evidence and that they are against the great weight and preponderance of the evidence; that evidence as to the identity of a person constituting a material link in plaintiff's chain of title should have been excluded; that the trial court erred in excluding certain conveyances relied upon by appellant and, if we correctly understand appellant's fourth point, that appellee's possession was joint and common with appellants and as a matter of law did not satisfy the requirements

of the statute of limitations. Appellant's first point of error is so broad and general in its scope that it fails to direct our attention to the particular basis for appellant's complaint. We have decided, however, to consider the no evidence and great weight complaints as to those matters which are specifically argued.

■ The evidence established record title in John Fordney under deed dated August 22, 1862. There is no evidence of any conveyance out of John Fordney, insofar as concerns the land in controversy, and appellee's record title depends upon proof of identity of John Fordney as being one and the same person as John Fortney, first husband of Mary Fortney Kroll, whose estate was the subject of administration in probate proceedings offered in evidence. To sustain this burden, appellee offered the affidavits of a grandson of Mary Fortney Kroll which contains a statement to the effect that John Fortney was sometimes called John T. Fortney or John Fordney. This affidavit was of record for such period of time as to make this statement of identity prima facie evidence that John Fortney, the first husband of plaintiff's predecessor, Mary Fortney Kroll, was one and the same person as John Fordney to whom the land had been conveyed in 1862. Article 3726a, Vernon's Ann.Tex. Civ.St.; Sec. 52, Texas Probate Code, V.A. T.S. The statement contained in the affidavit was corroborated by the affiant's testimony during trial. The witness testified that while checking records in the courthouse in Waller County, after he had heard his grandmother talking about some land "up there," he learned for the first time that John Fortney may have used the name John Fortney.

There was no offer of controverting proof, and the names "Fordney" and "Fortney" sound enough alike when pronounced as to constitute evidence of identity within the doctrine of idem sonams. See Bosse v. Cadwallader, 86 Tex. 336, 24 S.W. 798 (1894); Smith v. Gillum, 80 Tex. 120, 15 S.W. 794 (1891); Hill v. Foster, 181 S.W.2d 299, 304 (Tex.Civ.App.—Amarillo 1944), aff'd 143 Tex. 482, 186 S.W.2d 343. We find there was sufficient evidence upon which the trial court could determine the issue of identity in favor of the plaintiff and appellants' points that such finding is not supported by the evidence and is against the great weight and preponderance of the evidence are overruled.

■ We further find there is another and perhaps even more impelling basis for the trial court's conclusion that appellee established its record title to the land in suit. In 1966 appellee's predecessor in title obtained judgment for title and possession of the land in controversy, among other lands, against John Fordney and Mrs. John Fordney and their unknown heirs. This judgment, regardless of the question of identity between Fordney and Fortney, would have vested in appellee's predecessors such title as might have remained outstanding in John Fordney, his wife or their unknown heirs. Appellants do not contend that their claim of ownership was in any way connected with the title initially conveyed to John Fordney. We hold that the effect of this judgment was to vest in appellee's predecessors the record title to the land in suit which was shown to have vested in John Fordney under the 1862 conveyance.

■ Appellants' third point of error complains that the trial court erred in refusing to admit in evidence a deed from a John Giboney to Jesse Outlaw dated December 15, 1933 and a deed from Jesse Outlaw to Wesley Means et al. dated April 27, 1952. These documents were objected to, among other grounds, on the basis that the appellants had failed to comply with Rule 792, Texas Rules of Civil Procedure requiring listing in an abstract of title responsive to appellee's demand. Appellee's demand for abstract had been served on appellants approximately two years prior to the trial and the record does not indicate that any abstract of title was filed until the date of trial. While appellants argue that appellee was not surprised by the instru-

ments in question there is nothing in the record before us which would constitute any basis for our holding that the trial court erred in excluding these instruments. Mason v. Tobin, 408 S.W.2d 243 (Tex. Civ.App.—Houston, 1966, no writ hist.); Mize v. Wood County, 460 S.W.2d 152 (Tex.Civ.App.—Tyler, 1970, n. w. h.). Furthermore, there was no showing of any connection between these instruments and the record title to the land and the evidence presented by appellants was insufficient to show any perfected limitation title in appellants. Therefore, appellants have not demonstrated that the exclusion of these instruments resulted in any harm or prejudice to them. We overrule appellants' point of error number three.

In view of our holding that the evidence established record title to the land in controversy to be in the appellee, we find it unnecessary to consider appellants' fourth point of error relating to proof of limitation title in appellee.

The judgment of the trial court is affirmed.